**UNITED STATES COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

NATIONAL CHRISTMAS
PRODUCTS, INC. D/B/A
NATIONAL TREE COMPANY,
a New Jersey Corporation

Plaintiff,

v.

OJ COMMERCE, LLC, a Florida
Limited Liability Company

Defendant.
_____/

**COMPLAINT**

Plaintiff National Christmas Products, Inc. D/B/A National Tree Company ("Plaintiff" or "NTC") by and through its undersigned attorneys, sues Defendant, OJ Commerce, LLC ("Defendant" or "OJ Commerce") and alleges as follows:

**INTRODUCTION**

1. This is an action for money damages arising out of Defendant's failure to abide by the terms of an E-Commerce Vendor Agreement ("Agreement") and pay Plaintiff for the provision of certain goods and services, despite request for payment.

2. For the past 60 years, NTC has been a leading importer and wholesaler of artificial Christmas trees, wreaths and garlands as well as holiday decorations and fiber optics products.

3. In or around August 15, 2017, NTC and OJ Commerce entered into an E-Commerce Vendor Agreement, under which NTC agreed to supply certain NTC approved products, and OJ Commerce agreed to sell those products on OJ Commerce's website.

4. Although NTC has provided the agreed upon products, OJ Commerce has failed to remit payment for such products from December 2020 through October 2021.

5. NTC is currently owed no less than $781,474.14.

## THE PARTIES

6. Plaintiff National Christmas Products, Inc. D/B/A National Tree Company is an S corporation organized under the laws of the State of New Jersey with its principal place of business at 2 Commerce Dr., Cranford, New Jersey 07016.

7. Defendant OJ Commerce, LLC is a limited liability company organized under the laws of the State of Florida with its principal place of business at 3076 North Commerce Parkway, Miramar, FL 33025.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) in that Plaintiff and Defendant are citizens of different states. The matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

9. Venue is proper in this District under the terms of the E-Commerce Vendor Agreement between the parties which states that the "venue and jurisdiction for the resolution of any such disputes shall be in the State or Federal courts located in the State of Florida, Broward County." Venue is also proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims in this action occurred within this judicial district.

## **FACTUAL ALLEGATIONS**

**The Agreement**

10. On or around August 15, 2017, National Christmas Products, Inc. D/B/A National Tree Company and OJ Commerce, LLC entered into an E-Commerce Vendor Agreement. *See* Exhibit No.1.

11. Pursuant to the Agreement, OJ Commerce, as reseller, would promote and display NTC's approved products for sale on OJ Commerce's website, and NTC, as vendor, would supply the products to consumers.

12. Pursuant to Section 2.7 of the Agreement, NTC agreed to generate a consolidated invoice for all services, including any applicable shipping and administrative fees.

13. Pursuant to Section 2.7 of the Agreement, OJ Commerce agreed to (i) "provide remittance detailing the invoices to be paid for the week or month," (ii) pay NTC for Services rendered in the amounts set forth after the receipt of a correct invoice from NTC, and (iii) pay all undisputed invoice amounts within 30 days of the invoice date.

14. Pursuant to Section 2.7.2 of the Agreement, any disputed invoice amounts would be documented in writing and forwarded to NTC within <u>30 days of invoice receipt</u> and, within 30 days of receipt of any disputed amounts, NTC would respond to OJ Commerce's claim.

15. NTC has supplied the agreed upon goods and services and submitted invoices to OJ Commerce for those goods and services from December 2020 through October 2021 under the terms of the Agreement.

16. Pursuant to the Agreement, OJ Commerce is required to pay NTC for the goods and services provided from December 2020 through October 2021.

**The Invoices**

17. From December 2020 through October 2021, NTC sent OJ Commerce approximately twelve thousand four hundred fifty-seven (12,457) invoices.

18. OJ Commerce has failed to make any payments for the aforementioned invoices, reflecting a total open balance of $781,474.14.

19. In an e-mail dated June 4, 2021, that OJ Commerce sent to NTC, OJ Commerce admitted that it owed NTC $646,851.14 at a minimum.

**Demand for Payment**

20. On August 16, 2021, NTC sent OJ Commerce an e-mail containing an account statement totaling $781,332.69. OJ Commerce never objected to this account statement.

21. On or around March 14, 2022, NTC sent OJ Commerce a letter demanding payment for the outstanding invoices in the amount of $781,474.14, to be received no later than March 21, 2022. *See* Exhibit No. 2.

22. OJ Commerce failed to make payment on or before March 21, 2022.

23. To the present date, OJ Commerce has failed to remit any payment for the outstanding invoices.

## COUNT I
**(BREACH OF CONTRACT)**

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. The Agreement is a valid and binding contract.

26. NTC has duly performed all of its obligations under the Agreement without having received any objections from OJ Commerce.

27. OJ Commerce has breached the Agreement by refusing to remit payment for the outstanding balance due for the products in accordance with the terms of the Agreement.

28. By reason of the foregoing, NTC has suffered and will continue to suffer damages in an amount to be determined at trial, but in no event less than $781,474.14.

29. By reason of the foregoing, Plaintiff is entitled to have judgment against Defendant, in an amount to be determined at trial, but presently estimated to equal $781,474.14, together with applicable interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, plus pre-judgment interest and costs, and such other relief as this Court deems just and proper.

## COUNT II
## (ACCOUNT STATED)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

31. NTC periodically billed OJ Commerce in the regular course of their business together.

32. NTC provided an account statement to OJ Commerce.

33. OJ Commerce did not object to the amounts stated in the account statement within a reasonable period of time.

34. Therefore, OJ Commerce assented to and/or agreed that the stated amounts were owed to NTC.

35. NTC demanded payment from OJ Commerce, and OJ Commerce failed or otherwise refused to pay.

36. OJ Commerce owes NTC $781,474.14, with interest, on the account.

37. By reason of the foregoing, Plaintiff is entitled to have judgment against Defendant, in an amount to be determined at trial, but presently estimated to equal $781,474.14, together with applicable interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, plus pre-judgment interest and costs, and such other relief as this Court deems just and proper.

## COUNT III
## (GOODS SOLD AND DELIVERED)

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

39.     The Agreement constitutes a sales contract under the laws of the State of Florida.

40.     The amount claimed by NTC, $781,474.14, represents the reasonable value of the goods and services that it provided to OJ Commerce under the Agreement.

41.     By reason of the foregoing, Plaintiff is entitled to have judgment against Defendant, in an amount to be determined at trial, but presently estimated to equal $781,474.14, together with applicable interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, plus pre-judgment interest and costs, and such other relief as this Court deems just and proper.

Dated: May 12, 2022

Respectfully submitted,

Black Srebnick
One Town Center, Suite 201
Boca Raton, Florida 33486
561-361-6800 Telephone
561-361-0062 Fax

      /s/ *Kyle A. Johnson*
Kyle A. Johnson, Esq.
Florida Bar No.: 113324
KJohnson@RoyBlack.com
Lance W. Shinder, Esq.
Florida Bar No.: 851711
LShinder@RoyBlack.com

Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
Tel: 212-370-1300

Anthony Galano, III, Esq. (*motion for admission pro hac vice pending*)
AGalano@egsllp.com
Aldonsa Janjigian, Esq. (*motion for admission pro hac vice pending*)
AJanjigian@egsllp.com
*Counsel for Plaintiff, National Christmas Products, Inc. D/B/A National Tree Company*