UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60897-CIV-DIMITROULEAS

NATIONAL CHRISTMAS PRODUCTS, INC.
d/b/a NATIONAL TREE COMPANY,
a New Jersey Corporation,

  Plaintiff,
v.

OJ COMMERCE, LLC, a Florida Limited Liability
Company,

  Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant OJ Commerce, LLC's Motion to Dismiss Plaintiff's Complaint (the "Motion") [DE 14], filed herein on July 8, 2022. The Court has carefully considered the Motion, Plaintiff National Christmas Products, Inc. d/b/a National Tree Company's Response in Opposition [DE 17], Defendant's Reply [DE 20], and is otherwise fully advised in the premises.

 **I. BACKGROUND**

This action arises out of an E-Commerce Vendor Agreement for the provision of certain goods and services. According to the factual allegations of the Complaint, Plaintiff National Christmas Products, Inc. d/b/a National Tree Company ("Plaintiff") is a corporation organized under the laws of New Jersey, with its principal place of business in Cranford, New Jersey. [DE 1] at ¶ 6. Defendant OJ Commerce, LLC ("Defendant") is a Florida limited liability company with its principal place of business in Miramar, Florida. ¶ 7.

Plaintiff is an importer and wholesaler of artificial Christmas trees, wreaths, and garlands as well as holiday decorations and fiber optics products. ¶ 2. On or around August 15, 2017, Plaintiff entered into an E-Commerce Vendor Agreement ("Agreement") with Defendant, a reseller. ¶¶ 3, 10. Pursuant to the Agreement, Defendant would promote and display Plaintiff's approved products for sale on Defendant's Website, and Plaintiff would supply the products to consumers. ¶ 11. Pursuant to Section 2.7 of the Agreement, Plaintiff agreed to generate a consolidated invoice for all services, and, in turn, Defendant agreed to (i) provide remittance detailing the invoices to be paid for the week or month, (ii) pay Plaintiff for services rendered in the amounts set forth after receipt of a correct invoice from Plaintiff, and (iii) pay all undisputed invoice amounts within 30 days of the invoice date. ¶¶ 12–13. Pursuant to Section 2.7.2. of the Agreement, any disputed invoice amounts had to be documented and forwarded to Plaintiff within thirty (30) days of invoice receipt. ¶ 14.

During the period beginning in approximately December 2020 and ending in or around October 2021, Plaintiff supplied the agreed upon goods and services and submitted approximately 12,457 invoices for those goods and services to Defendant. ¶¶ 15–17. To date, Defendant has failed to make any payments for these outstanding invoices, reflecting a total balance of $781,474.14. ¶¶ 18, 23.

On May 12, 2022, Plaintiff brought the instant action against Defendant. *See* [DE 1]. The Complaint alleges three claims: Count I for Breach of Contract; Count II for Account Stated; and Count III for Goods Sold and Delivered. *See* [DE 1].

According to the allegations in Count I for Breach of Contract: Plaintiff has performed all its obligations under the Agreement without any objections from Defendant. ¶ 26. A copy of the Agreement is attached to the Complaint. ¶ 10; [DE 1-3]. Defendant breached the Agreement

by refusing to remit payment for the outstanding balance due in accordance with the terms of the Agreement. ¶ 27. As a result thereof, Plaintiff has been damaged in the amount of about $781,474.14. ¶ 29.

According to the allegations in Count II for Account Stated: Plaintiff periodically billed Defendant in the regular course of their business together. ¶ 31. Plaintiff provided an account statement to Defendant and Defendant did not timely object to the account statement. ¶¶ 32–33. Plaintiff demanded payment from Defendant, and Defendant failed or otherwise refused to pay. ¶ 35. Defendant owes Plaintiff $781,474.14, with interest, on the account. ¶ 36.

According to the allegations in Count III for Goods Sold and Delivered: The Agreement constitutes a sales contract under the laws of the state of Florida. ¶ 38. The amount claimed by Plaintiff, $781,474.14, represents the reasonable value of the goods and services Plaintiff provided to Defendant under the Agreement. ¶ 39. As a result, Plaintiff is entitled to judgment in the amount of $781,474.14. ¶ 41.

Defendant has now moved to dismiss the Complaint in its entirety. *See* [DE 14].

**II.   STANDARD OF REVIEW**

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

The court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

**III.    DISCUSSION**

By the instant Motion, Defendant seeks dismissal of each of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will consider Defendant's arguments as to each of the claims, in turn.

**A.  Count I: Breach of Contract**

Under Florida law, a claim for breach of contract consists of three elements: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). "In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached." *Pierce v. State Farm Mut. Auto Ins. Co.*, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 14, 2014).

Defendant seeks dismissal of Count I for Breach of Contract on the grounds that Plaintiff fails to identify the specific provision(s) that Defendant allegedly breached.  The Court

disagrees. Despite Defendant's assertions to the contrary, Plaintiff has unambiguously alleged in Count I that Defendant breached the Agreement "by refusing to remit payment for the outstanding balance due in accordance with the terms of the Agreement." ¶ 27. The Complaint even cites to the specific provision at issue, Section 2.7 and attaches the agreement thereto. *See, e.g.*, ¶¶ 13, 17–18. Therefore, Defendant's argument that is unclear what provision or obligation under the contract has been breached is without merit. *See, e.g.*, *TYR Tactical, LLC v. Protective Prod. Enterprises, LLC*, No. 15-CV-61741, 2015 WL 13655803, at *5 (S.D. Fla. Dec. 10, 2015).

### B. Count II: Account Stated

To establish a claim for account stated, a plaintiff is "required to prove that there was an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Burt v. Hudson & Keyse, LLC*, 138 So. 3d 1193, 1195–96 (Fla. 5th DCA 2014) (internal quotation marks omitted).

In the Motion to Dismiss, Defendant argues that Count II is deficient because Plaintiff fails to attach a copy of the account showing items, time of accrual of each, and amount of each to the Complaint. While Defendant cites to Fla. R. Civ. P. 1.933, the Court is unaware of any corresponding Federal Rule of Civil Procedure that requires a copy of the account be attached to a complaint alleging an account stated claim. *See Transcon. Ins. Co. v. L.F. Staffing Servs., Inc.*, No. 07-80865-CIV, 2008 WL 11333474, at *6–7 (S.D. Fla. Aug. 13, 2008) (rejecting same argument on grounds that Fed. R. Civ. P. 8 applies). Rather, Federal Rule of Civil Procedure 8, which applies here, only requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . [, and] a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(2).[1]

---

1 For the same reasons, the Court rejects Defendant's arguments regarding Plaintiff's purported failure to attach an itemized copy of the account to its open account claim.

Defendant also argues that Plaintiff has failed to sufficiently allege a sum certain. The Court disagrees. In the Complaint, Plaintiff alleges that Defendant has failed to make any payments on approximately 12,457 outstanding invoices, reflecting a total balance of $781,474.14. *See, e.g.*, ¶¶ 17–18, 23, 36–37. Despite Defendant's assertions to the contrary, the different amounts alleged in the Complaint do not reflect a change in position by Plaintiff or create confusion regarding the amount owed. Rather, the allegations cited by Defendant merely recite the timeline of communications between the parties regarding amounts owed. *Compare* ¶ 19 ("In an e-mail dated June 4, 2021, that [Defendant] sent to [Plaintiff], [Defendant] admitted that it owed [Plaintiff] $646,851.14 at minimum.") *with* ¶ 20 ("On August 16, 2021, [Plaintiff] sent [Defendant] an e-mail containing an account statement totaling $781,332.69.") *with* ¶¶ 37–38 (alleging that Defendant owes about $781,474.14, with interest, on the account). Accordingly, the Court rejects Defendant's arguments for dismissal of this claim.

### C. Count III: Goods Sold and Delivered (i.e., Open Account)

Next, Defendant argues that Count III for Goods Sold and Delivered (i.e., open account) fails because, *inter alia*, Plaintiff alleges the existence of an express contract between the parties.

Under Florida law, in the absence of an express written contract between the parties, a plaintiff may sue to collect on an open account for goods sold and delivered.[2] An open account is "an unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to future settlement and adjustment." *Robert W. Gottfried, Inc. v. Cole*, 454 So.2d 695, 696 (Fla. 4th DCA 1984). In order to state a claim for open account, the plaintiff must allege (1) that a sales contract existed between the creditor and debtor, (2) that the amount claimed by the creditor represents either the agreed on sales price or

---

2 Although Plaintiff refers to Count III as a claim for goods sold and delivered, Florida case law speaks of a claim "goods sold and delivered on an open account." *See Alderman Interior Sys., Inc. v. First Nat'l–Heller Factors, Inc.*, 376 So.2d 22, 24 (Fla. 2d DCA 1979). As such, the Court will construe Count III as a claim for an open account.

the reasonable value of the goods delivered, and (3) that the goods were actually delivered. *Evans v. Delro Indus., Inc.,* 509 So.2d 1262, 1263 (Fla. 1st DCA 1987).

Despite the requirement that plaintiff allege a "sales contract" between the creditor and debtor, "Florida courts have consistently held that an open account should not include express contracts or other obligations that have been reduced to writing*." E-Z Pack Mfg., LLC v. RDK Truck Sales & Serv., Inc.*, No. 8:10-CV-1870-T-27AEP, 2011 WL 4343790, at *6 (M.D. Fla. Aug. 10, 2011), *report and recommendation adopted*, No. 8:10-CV-1870-T-27AEP, 2011 WL 3841631 (M.D. Fla. Aug. 30, 2011); *H & H Design Builders, Inc. v. Travelers' Indem. Co.*, 639 So.2d 697, 700 (Fla. 5th DCA 1994); *Morse, LLC v. United Wis. Life Ins. Co.*, 356 F. Supp. 2d 1296, 1299–1300 (S.D. Fla. 2005) (dismissing cause of action for open account where it "incorporates the earlier allegations of the existence of an express contract between the parties, and does not allege an expectation of future transactions"); *see also Spring Air Intern., LLC v. R.T.G. Furniture Corp.*, 2010 WL 4117627, *6 (M.D. Fla. Oct. 19, 2010) ("Given the general acceptance of the theory that an allegation of an express contract invalidates a claim for open account, count II of Spring Air's complaint [for open account] is dismissed without prejudice.").

In the instant case, it is clear from the Complaint that Plaintiff alleges the existence of an express written contract between the parties. *See* ¶¶ 1, 10, 38–40; Ex. A. There is no indication in the allegations that Count III is pled in the alternative in the event that the express contract at issue may be void nor is there any indication that Plaintiff seeks damages for any extra-contractual goods and services. In fact, Plaintiff admits in Response the existence of an express contract. Moreover, the open account claim is due to be dismissed because it "does not allege an expectation of future transactions." *Morse*, 356 F. Supp. 2d at 1299–1300. As such, Plaintiff fails to state a claim for open account and the Motion to Dismiss Count III shall be granted.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [DE 14] is **GRANTED IN PART AND DENIED IN PART**;

2. Count III (Goods Sold and Delivered) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and

3. Plaintiff may file an amended complaint in accordance with this Order on or before **September 6, 2022** or file a Notice stating that it is proceeding only on the claims that were not dismissed in this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of August, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record