UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-60897-WPD

NATIONAL CHRISTMAS PRODUCTS,
INC. d/b/a NATIONAL TREE COMPANY,

        Plaintiff,

v.

OJ COMMERCE, LLC,

        Defendant.

_____/

## ORDER GRANTING IN PART MOTION TO STRIKE

THIS CAUSE is before the Court upon Plaintiff National Christmas Products, Inc. d/b/a National Tree Company ("Plaintiff")'s Amended Motion to Strike Defendant's Affirmative Defenses, filed on October 17, 2022 (the "Amended Motion to Strike") [DE 31]. The Court has carefully reviewed the Amended Motion to Strike, Defendant OJ Commerce, LLC ("Defendant")'s Response [DE 37], notes that no timely reply was filed, and is otherwise fully advised in the premises.

**I.    BACKGROUND**

Plaintiff filed this action on May 12, 2022. *See* [DE 1]. On September 20, 2022, Defendant filed an Answer and Affirmative Defenses. *See* [DE 24]. Plaintiff filed the instant Motion on October 17, 2022, requesting that the Court enter an order striking thirteen (13) of Defendant's affirmative defenses, which provide as follows:

1. Plaintiff's claims are barred in whole or in part because it fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part because of accord and satisfaction.

   3. Plaintiff's claims are barred in whole or in part because estoppel.

   4. Plaintiff's claims are barred in whole or in part because of failure of consideration.

   5. Plaintiff's claims are barred in whole or in part due to payment and release.

   6. Plaintiff's claims are barred in whole or in part due to waiver.

   7. Plaintiff's claims are barred in whole or in part by Plaintiff's prior breach of contract.

   8. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to [*sic*] its damages, if any.

   9. Plaintiff's claims are barred in whole or in part by Plaintiff's unclean hands.

   10. Plaintiff's claims are barred in whole or in part by Plaintiff's negligence.

. . . .

   12. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

   13. OJC's alleged acts or omissions were not the direct and/or proximate cause of Plaintiff's damages.

   14. Any damages that Plaintiff allegedly suffered were directly or proximately caused by unforeseeable, independent, intervening, and/or superseding acts beyond the control of and unrelated to any alleged actions or omissions by OJC, including but not limited to the actions and omissions of Plaintiff.

*See* [DE 31].

## II.    DISCUSSION

Rule 12(f) permits a court to strike an insufficient defense. *See* Fed. R. Civ. P. 12(f). Striking an affirmative defense is a drastic remedy that is disfavored and that will be granted only if it is clear that the defense must fail. *Augustus v. Bd. of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962). Furthermore, "both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic . . . motions under Rule 12(f) are viewed with disfavor and are infrequently

granted." 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1380 (3d ed. 2008). "[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id*.

Nonetheless, affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Losada v. Norwegian (Bahamas) Ltd.*, No. 13–cv–22256–JLK, 2013 WL 6622911, * 2 (S.D. Fla. Dec. 16, 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards of complaints.").[1] Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the opposing party fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555-56, n.3. The pleading must articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true. *Id*. at 555; *Iqbal*, 129 S. Ct. at 1949. Formulaic recitations filled with labels and conclusions without factual allegations are insufficient. *Twombly*, 550 U.S. at 555.

The Court has carefully reviewed the affirmative defenses and agrees with Plaintiff that, as pled, affirmative defenses 2, 3, 4, 5, 6, 7, 8, 10, 12, 13, and 14 are woefully conclusory, as they fail to allege sufficient facts to support their boilerplate legal conclusions. These affirmative

---

[1] The Eleventh Circuit has not yet decided this issue, and some district courts have held that affirmative defenses are subject to a different standard. *See, e.g.*, *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *2 (S.D. Fla. Apr. 26, 2013). This Court will continue to rule consistently with its precedent that the *Twombly/Iqbal* standard applies. *See Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 660 (S.D. Fla. 2013).

defenses lack the specificity required by *Twombly/Iqbal*. Plaintiff should have fair notice of the specific factual allegations underlying each particular defense.[2] Therefore, the Court will strike these affirmative defenses but allow Defendant an opportunity to re-plead. *See, e.g., New York Discount Plus, Inc. v. Scottsdale Ins. Co.*, No. 13-24231-CIV, 2014 WL 467235 (S.D. Fla. Feb. 5, 2014) (striking affirmative defenses that did not include adequate factual support but granting leave to replead).

Regarding Defendant's first affirmative defense, the Court finds that this defense is not an affirmative defense at all, but a denial, pointing out a defect in Plaintiff's *prima facie* case. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *Nature's Prod., Inc. v. Natrol, Inc.*, No. 11-62409-CIV, 2012 WL 12844708, at *2 (S.D. Fla. Feb. 15, 2012); *Vallesillo v. Remaca Truck Repairs*, No. 09–80714, 2009 WL 4807397, at *4 (S. D. Fla. Dec. 4, 2009). Accordingly, in its amended answer and affirmative defenses, Defendant is instructed to plead this denial separately and apart from any affirmative defenses it may raise.

Finally, regarding Defendant's ninth affirmative defense of unclean hands, Plaintiff argues unclean hands is an equitable defense that does not apply to Plaintiff's purely legal claims. Upon careful review of the authority cited by Plaintiff, particularly *1872 Holdings Int'l, LLC v. Zamore Co. Glob., S.L.U.*, 21-CV-23227, 2022 WL 1641851, at *2 (S.D. Fla. May 24, 2022), the Court is not persuaded that Plaintiff has demonstrated sufficient grounds to justify the drastic remedy of striking Defendant's unclean hands defense, at least at this juncture in the proceedings. However, the Court finds that Defendant's ninth affirmative defense, as pled, lacks the specificity required by

---

[2] Defendant's assertion in its response that it sufficiently pled its affirmative defenses through its counterclaims without so much as a reference to the factual allegations in those counterclaims in its affirmative defenses is unavailing.

*Twombly/Iqbal*. Accordingly, the Court will strike this affirmative defense but allow Defendant an opportunity to re-plead.

### III.   CONCLUSION

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Motion to Strike [DE 31] is hereby **GRANTED IN PART**, as set forth herein.

2. Defendant's Affirmative Defenses 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, and 14 are hereby stricken. Defendant may amend these defenses within fourteen (14) days from the date of this Order.

3. Plaintiff may then move to strike any insufficiently pled affirmative defenses.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 18th day of November, 2022.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of Record