**UNITED STATES COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:22-cv-60897-WPD**

NATIONAL CHRISTMAS
PRODUCTS, INC. D/B/A
NATIONAL TREE COMPANY,
a New Jersey Corporation

Plaintiff,

v.

OJ COMMERCE, LLC, a Florida
Limited Liability Company

Defendant.
_____/

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY TO DEFENDANT/COUNTER-PLAINTIFF'S AMENDED COUNTERCLAIMS**

Plaintiff/Counter-Defendant, NATIONAL CHRISTMAS PRODUCTS, INC. D/B/A NATIONAL TREE COMPANY ("National Tree"), by and through undersigned counsel, reply to the Amended Counterclaims of Defendant/Counter-Plaintiff OJ COMMERCE, LLC ("OJ") as follows:

**PARTIES**

1. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 1.

2. Plaintiff admits the allegations in Paragraph 2 of the Amended Counterclaims.

## JURISDICTION

3.      Paragraph 3 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 3.

4.      Paragraph 4 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 4.

## FACTS COMMON TO ALL COUNTS

5.      Plaintiff admits that it entered into an agreement with OJ, dated August 15, 2017 (the "Vendor Agreement") but otherwise denies the allegations in Paragraph 5. To the extent the allegations in Paragraph 5 refer to the Vendor Agreement between the parties, Plaintiff refers to that document for its complete and accurate terms.

6.      Plaintiff denies the allegations in Paragraph 6.

7.      Plaintiff denies the allegations in Paragraph 7. To the extent the allegations in Paragraph 7 refer to the Vendor Agreement, Plaintiff refers to that document for its complete and accurate terms.

8.      The allegations in Paragraph 8 refer to the Vendor Agreement. Plaintiff refers to that document for its complete and accurate terms.

9.      The allegations in Paragraph 9 refer to the Vendor Agreement. Plaintiff refers to that document for its complete and accurate terms.

10.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 10.

11.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11.

12.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12.

13.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 14.

15.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15.

16.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16.

17.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17.

18.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19.     Plaintiff admits that it worked with OJ prior to the 2020 Christmas holiday season, but otherwise denies the allegations in Paragraph 19.

20.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 20.

21.     Plaintiff denies the allegations in Paragraph 21.

22.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23.     Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23.

24. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 24.

25. Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 25.

26. Plaintiff denies the allegations in Paragraph 26.

27. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 27.

28. Plaintiff denies the allegations in Paragraph 28.

29. Plaintiff denies the allegations in Paragraph 29.

30. Plaintiff denies the allegations in Paragraph 30.

31. Plaintiff denies the allegations in Paragraph 31. To the extent the allegations in Paragraph 31 refer to an email annexed to the Amended Counterclaims as Exhibit B, Plaintiff refers to that email for its complete and accurate content.

32. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 32.

33. Plaintiff denies the allegations in Paragraph 33. To the extent the allegations in Paragraph 33 refer to an email annexed to the Amended Counterclaims as Exhibit C, Plaintiff refers to that email for its complete and accurate content.

34. Plaintiff denies the allegations in Paragraph 34.

35. Plaintiff denies the allegations in Paragraph 35.

36. Plaintiff denies the allegations in Paragraph 36.

37. Plaintiff denies the allegations in Paragraph 37.

38. Plaintiff denies the allegations in Paragraph 38.

39. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 39.

40. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40.

41. Plaintiff denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 state multiple legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 42.

43. The allegations in Paragraph 43 state multiple legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 43.

44. The allegations in Paragraph 44 state multiple legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 44.

## Count I – Breach of Contract

45. Plaintiff reasserts and realleges the foregoing responses to the allegations contained in paragraphs 1 through 44 of this Answer as if fully set forth herein.

46. Plaintiff admits that the Vendor Agreement is a valid and enforceable agreement but otherwise denies the allegations in Paragraph 46 and refers to the Vendor Agreement for its complete and accurate terms.

47. Plaintiff denies the allegations in Paragraph 47 and refers to the Vendor Agreement for its complete and accurate terms.

48. The allegations in Paragraph 48 refer to the Vendor Agreement. Plaintiff refers to that document for its complete and accurate terms.

49. Plaintiff denies the allegations in Paragraph 49.

50. Paragraph 50 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 50.

51. The allegations in Paragraph 51 refer to the Vendor Agreement. Plaintiff refers to that document for its complete and accurate terms.

52. The allegations in Paragraph 52 refer to the Vendor Agreement. Plaintiff refers to that document for its complete and accurate terms.

53. Plaintiff denies the allegations in Paragraph 53.

54. Paragraph 54 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 54.

55. The allegations in Paragraph 55 refer to the Vendor Agreement. Plaintiff refers to that document for its complete and accurate terms.

56. Plaintiff denies the allegations in Paragraph 56.

57. Paragraph 57 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 57.

58. Paragraph 58 refers to the Vendor Agreement. Plaintiff refers to that document for its complete and accurate terms.

59. Paragraph 59 refers to purchase orders. Plaintiff refers to that document for its complete and accurate terms. Plaintiff denies the allegations in Paragraph 59.

60. Paragraph 60 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 60.

61. Plaintiff denies the allegations in Paragraph 61.

62. Plaintiff denies the allegations in Paragraph 62.

63. Plaintiff denies the allegations in Paragraph 63.

64. Paragraph 64 refers to the Vendor Agreement. Plaintiff refers to that document for its complete and accurate terms.

65. Plaintiff denies the allegations in Paragraph 65.

66. Plaintiff denies the allegations in Paragraph 66.

67. Plaintiff denies the allegations in Paragraph 67.

68. Paragraph 68 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 68.

69. Plaintiff denies the allegations in Paragraph 69.

70. Paragraph 70 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 70.

71. Paragraph 71 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 71.

**Count II- Breach of Implied Covenant of Good Faith and Fair Dealing**

72. Plaintiff reasserts and realleges the foregoing responses to the allegations contained in paragraphs 1 through 71 of this Answer as if fully set forth herein.

73. Plaintiff admits that it entered into a valid and enforceable agreement with OJ but otherwise denies the allegations in Paragraph 73 and refers to the Vendor Agreement for its complete and accurate terms.

74. Paragraph 74 states a legal conclusion to a which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 74 and refers to the Vendor Agreement for its complete and accurate terms.

75. Paragraph 75 states a legal conclusion to a which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 75 and refers to the Vendor Agreement for its complete and accurate terms.

76. Plaintiff denies the allegations in Paragraph 76.

77. Paragraph 77 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 77.

78. Paragraph 78 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 78.

### Count III – Breach of Implied Warranty

79. Plaintiff reasserts and realleges the foregoing responses to the allegations contained in paragraphs 1 through 78 of this Answer as if fully set forth herein.

80. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 80.

81. Paragraph 81 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 81.

82. Paragraph 82 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 82.

83. Paragraph 83 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 83.

84. Paragraph 84 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 84.

85. Paragraph 85 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 85.

86. Paragraph 86 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 86.

87. Paragraph 87 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 87.

**Count IV- Tortious Interference with Business Relationship**

88. Plaintiff reasserts and realleges the foregoing responses to the allegations contained in paragraphs 1 through 87 of this Answer as if fully set forth herein.

89. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 89.

90. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 90. To the extent a response is required, Plaintiff denies the allegations in Paragraph 90.

91. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 91.

92. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 92.

93. Plaintiff denies the allegations in Paragraph 93.

94. Plaintiff denies the allegations in Paragraph 94.

95. Plaintiff denies the allegations in Paragraph 95.

96. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 96.

97. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 97.

98. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 98.

99. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 99.

100. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 100.

101. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 101.

102. Plaintiff denies the allegations in Paragraph 102.

103. Plaintiff denies the allegations in Paragraph 103.

104. Plaintiff denies the allegations in Paragraph 104.

105. Plaintiff denies the allegations in Paragraph 105.

106. Paragraph 106 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 106.

107. Paragraph 107 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 107.

### Count V – Fraud

108. Plaintiff reasserts and realleges the foregoing responses to the allegations contained in paragraphs 1 through 107 of this Answer as if fully set forth herein.

109. Plaintiff denies the allegations in Paragraph 109.

110. Plaintiff denies the allegations in Paragraph 110.

111. Paragraph 111 refers to an email. Plaintiff refers to that document for its complete and accurate terms.

112. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 112. To the extent a response is required, Plaintiff denies the allegations in Paragraph 112.

113. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 113. To the extent a response is required, Plaintiff denies the allegations in Paragraph 113.

114. Plaintiff denies the allegations in Paragraph 114.

115. Plaintiff denies the allegations in Paragraph 115.

116. Paragraph 116 refers to a message. Plaintiff refers to that document for its complete and accurate terms.

117. Paragraph 117 refers to a response. Plaintiff refers to that document for its complete and accurate terms.

118. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 118.

119. Plaintiff denies the allegations in Paragraph 119.

120. Paragraph 120 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 120.

121. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 121.

122. Paragraph 122 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 122.

123. Paragraph 123 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 123.

**Count VI- Florida Deceptive and Unfair Trade Practices Act "FDUPTA")**

124. Plaintiff reasserts and realleges the foregoing responses to the allegations contained in paragraphs 1 through 123 of this Answer as if fully set forth herein.

125. Paragraph 125 states a legal conclusion that does not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 125.

126. Paragraph 126 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 126.

127. Paragraph 127 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 127.

128. Paragraph 128 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 128.

129. Paragraph 129 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 129.

130. Paragraph 130 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 130.

131. Paragraph 131 states multiple legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in Paragraph 131.

**AFFIRMATIVE DEFENSES**

Plaintiff alleges the following affirmative defenses to Defendant's Counterclaims:

**First Affirmative Defense**

1. The Counterclaims fail to state any claim upon which relief can be granted.

**Second Affirmative Defense**

2. The Counterclaims cannot be maintained upon documentary evidence.

### Third Affirmative Defense

3. Defendant's claims are barred, in whole or in part, by the applicable statute of limitations, as well as the doctrines of waiver, estoppel, ratification, release, unclean hands, and/or laches.

### Fourth Affirmative Defense

4. Defendant materially breached its agreement with Plaintiff.

### Fifth Affirmative Defense

5. The Counterclaims should be dismissed because they seek recovery based on claims which are against public policy.

### Sixth Affirmative Defense

6. The Counterclaims should be dismissed because Plaintiff's actions did not proximately cause Defendant's alleged damages, if any.

### Seventh Affirmative Defense

7. The Counterclaims should be dismissed due to Defendant's failure to mitigate its alleged damages.

### Eighth Affirmative Defense

8. The Counterclaims should be dismissed because any damages allegedly sustained by Defendant were the result solely of the acts, conduct or omissions of Defendant, or others acting through or in concert with Defendant, over whom Plaintiff exercised no control.

### Ninth Affirmative Defense

9. Defendant's damages, if any, must be off set based on the amount Defendant owes Plaintiff based on Defendant's material breach of the Vendor Agreement.

### Tenth Affirmative Defense

10. OJ Commerce has failed to properly allege that National Tree has breached the Vendor Agreement.

**Eleventh Affirmative Defense**

11.     To the extent they are alleged in the counterclaims, National Tree avers that the mere occurrence of "improper cancellations, late shipments, defective shipments, shipping products after they were canceled, and/or mis-shipments" do not constitute material breaches of the Vendor Agreement under its plain and unambiguous terms.

**Twelfth Affirmative Defense**

12.     With respect to OJ's claim for Breach of Implied Warranty, National Tree avers failure of condition precedent. OJ never notified National Tree of any specific defect as required by Fla. Stat. §627.607. As a result, its claim for breach of implied warranty fails as a matter of law.

**Thirteenth Affirmative Defense**

13.     National Tree avers that OJ has not alleged, and has not suffered, the requisite actual damages necessary to support a Florida Deceptive and Unfair Trade Practices Act claim.

**RESERVATION**

National Tree reserves the right to assert any other affirmative defenses as the evidence may warrant up to and through trial of this action.

**WHEREFORE,** National Tree respectfully requests that (a) judgment be entered in its favor, (b) that the Counterclaims be dismissed in their entirety with prejudice, and (c) that the Court award to National Tree reasonable attorney's fees, costs, and any other relief in National Tree's favor which the Court deems fair and equitable.

Respectfully submitted,

Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
Tel: 212-370-1300

    /s/ *Anthony Galano, III, Esq.*
Anthony Galano, III, Esq. (admitted pro hac vice)
AGalano@egsllp.com
Aldonsa Janjigian, Esq. (admitted pro hac vice)
AJanjigian@egsllp.com

Black Srebnick
One Town Center, Suite 201
Boca Raton, Florida 33486
561-361-6800 Telephone
561-361-0062 Fax

Kyle A. Johnson, Esq.
Florida Bar No.: 113324
KJohnson@RoyBlack.com
Lance W. Shinder, Esq.
Florida Bar No.: 851711
LShinder@RoyBlack.com

*Counsel for Plaintiff, National Christmas Products, Inc. D/B/A National Tree Company*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on February 10, 2023, I served the foregoing via electronic service through the Court's CM/ECF system upon Shlomo Y. Hecht, Esq., sam@hechtlawpa.com, counsel for Defendant, OJ Commerce, LLC.

    /s/ Kyle A. Johnson

Kyle A. Johnson, Esq.