UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-60897-WPD

NATIONAL CHRISTMAS PRODUCTS,
INC. d/b/a NATIONAL TREE COMPANY,

        Plaintiff,

v.

OJ COMMERCE, LLC,

        Defendant.

_____/

## ORDER STAYING ACTION PENDING RESOLUTION OF SUBJECT MATTER JURISDICTION; REFERRING MOTIONS TO MAGISTRATE JUDGE

THIS CAUSE is before the Court upon Plaintiff National Christmas Products, Inc. d/b/a National Tree Company ("Plaintiff")'s Motion to Dismiss Without Prejudice [DE 95] and Defendant OJ Commerce, LLC ("Defendant")'s Expedited Motion to Amend the Scheduling Order and for Expedited Discovery on Subject Matter Jurisdiction [DE 96], both filed on January 9, 2024. The Court has carefully considered the Motions and is otherwise fully advised in the premises.

On January 9, 2023, over a year and a half after this action commenced, Plaintiff filed a Motion to Dismiss, seeking dismissal of this action without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See* [DE 95]. Therein, Plaintiff asserts that it recently discovered information regarding its organizational structure that reveals that Plaintiff is a citizen of Florida. *See id.* If Plaintiff is, in fact, a citizen of Florida, diversity jurisdiction would not exist in this case because Defendant is also a citizen of Florida. *See* 28 U.S.C. § 1332(a)(1).

Also on January 9, 2023, Defendant filed a Motion, arguing that the Court cannot "take Plaintiff's word … that subject matter jurisdiction does not exist" because of Plaintiff's "repeated and intentional" misrepresentations regarding its corporate status. *See* [DE 96]. As a result, Defendant requests that the Court extend all remaining deadlines, including the dispositive motion deadline, by sixty (60) days to allow Defendant to obtain expedited discovery regarding the issues raised in Plaintiff's Motion to Dismiss. *See id.* Plaintiff agrees to extending the dispositive motion deadline but is opposed to the remainder of Defendant's Motion. *See id.*

Upon careful review of the Motions, the Court finds it appropriate to stay this action, rather than extend all remaining deadlines, pending resolution of Plaintiff's Motion to Dismiss for lack of subject matter jurisdiction. The Court will refer that Motion, along with Defendant's related request for expedited discovery regarding Plaintiff's Motion to Dismiss, to the Magistrate Judge.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Expedited Motion to Amend Scheduling Order [DE 96] is **GRANTED IN PART**.

2. This action is **STAYED** pending resolution of the issue of subject matter jurisdiction, including resolution of Plaintiff's Motion to Dismiss [DE 95] and Defendant's Motion for Expedited Discovery on Subject Matter Jurisdiction [DE 96].[1]

3. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the Court **REFERS** Plaintiff's Motion to Dismiss [DE 95] and Defendant's Motion for Expedited Discovery on Subject Matter Jurisdiction [DE 96] to United States Magistrate Judge Jared M. Strauss for an evidentiary hearing, if necessary, and appropriate disposition or report and recommendation.

---

[1] If the Court finds that it has subject matter jurisdiction over this action, the Court will lift the stay and reset the remaining scheduling order deadlines.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 10th day of January 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
All Counsel of Record
Magistrate Judge Jared M. Strauss

3