UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60897-DIMITROULEAS/STRAUSS

**NATIONAL CHRISTMAS PRODUCTS, INC.**
d/b/a National Tree Company,
a New Jersey Corporation,

    Plaintiff,
v.

**OJ COMMERCE, LLC,** a Florida Limited
Liability Company,

    Defendant.
_____/

## DISCOVERY ORDER

**THIS MATTER** came before the Court upon Defendant's Motion for Expedited Discovery on Subject Matter Jurisdiction ("Motion"). [DE 96]. This case has been referred to me, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all action as required by law on the Motion. [DE 97]. I have reviewed the Motion, the Response [DE 100] and Reply [101] thereto, and all other pertinent portions of the record. For the reasons discussed herein, the Motion is **GRANTED-IN-PART**.

## BACKGROUND

On May 12, 2022, Plaintiff filed its complaint against Defendant in this Court alleging the Court had subject matter jurisdiction based on diversity between the parties. [DE 1]. In turn, Defendant filed a counterclaim against Plaintiff [DE 24] and later an amended counterclaim [DE 44]. After nearly two years of litigation, and with the discovery deadline passed, Plaintiff filed a Motion to Dismiss Without Prejudice the claims and counterclaims in this action pursuant to Federal Rule of Civil Procedure 12(h)(3). [DE 95]. Plaintiff asserted that the Court lacked subject

1

matter jurisdiction. *Id*. According to Plaintiff, its CFO recently informed counsel that Plaintiff was an LLC, not an S-Corp. as Plaintiff had alleged in its complaint. *Id.* Plaintiff's counsel then conducted an investigation into Plaintiff's members to ensure there was still complete diversity between Plaintiff and Defendant. *Id.* Upon the completion of the investigation, counsel discovered that one of Plaintiff's members, through several layers of underlying LLCs and limited partnerships, was a citizen of Florida, thereby destroying diversity jurisdiction. *Id.*

In response to this revelation, Defendant filed the instant Motion seeking permission to conduct additional discovery because it could not "take Plaintiff's word . . . that subject matter jurisdiction does not exist." [DE 96]. Plaintiff's Response more thoroughly detailed the chain of LLCs and limited partnerships leading back to the individual, Mark Hajduch, that Plaintiff asserts makes it a citizen of Florida. [DE 100]. Plaintiff attached to its Response several redacted and unredacted merger, subscription, and operating agreements – some reflected in public filings and some not – as well as Hajduch's redacted driver's license.[1] [DE 100, 100–1, 100–1, 100–2, 100–3, 100–4, 100–5, 100–6, 100–7, 100–8, 100–9, 100–10]. Plaintiff argues that these documents sufficiently establish that one of Plaintiff's members is a citizen of Florida, which in turn makes Plaintiff a citizen of Florida. *Id*. Plaintiff therefore argues that there is no need for Defendant to take any further discovery regarding subject matter jurisdiction.

---

[1] Plaintiff alleges that it merged with National Christmas Products, LLC, whose sole member is National Tree Intermediary, LLC, whose sole member is National Tree Holding, LLC. [DE 100]. One of National Tree Holding, LLC's thirteen members is National Tree Ultimate Holding, LLC, whose sole member is Sun National Tree, L.P. *Id.* Sun National Tree, L.P.'s general partner is Sun Holdings VII, LLC and its limited partner is Sun Capital Partners VII, L.P. *Id*. Sun Capital Partners VII, L.P. is the sole member of Sun Holdings VII, LLC. *Id.* The general partner of Sun Capital Partners VII, L.P. is Sun Capital Advisors VII, L.P. *Id*. Hajduch is a limited partner of Sun Capital Advisors VII, L.P. *Id.* Plaintiff alleges that Hajduch is a citizen of Florida, and therefore concludes that all the LLCs and limited partnerships in the aforementioned chain (including Plaintiff) are consequently citizens of Florida for diversity purposes as well. *Id.*

## ANALYSIS

As a threshold matter, Defendant is entitled to some additional jurisdictional discovery. "[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery." *Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7, 731 (11th Cir. 1982)). The Supreme Court has unequivocally stated "that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members.'" *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010) ("[U]nincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332.").

To determine citizenship for purposes of diversity jurisdiction, a court must look to the person's "residency in a state and intent to remain in that state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). Several factors a court may consider when determining a person's intent to remain in a state include "the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." *Id.* "No single factor is conclusive; instead, the Court looks to the 'totality of the evidence.'" *Donovan v. Quimby*, No. 23-CV-21252, 2023 WL 8729220, at *3 (S.D. Fla.

Dec. 19, 2023) (quoting *Jones v. L. Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001)).

Despite Plaintiff's assertion that it "has submitted incontrovertible proof" of Plaintiff's citizenship, Plaintiff's representations and the documentation attached to its Response do not eliminate all genuine disputes of fact over the existence of diversity jurisdiction. Thus, I find that Defendant has a qualified right to conduct at least some limited, targeted jurisdictional discovery.[2]

First, Plaintiff has not provided "incontrovertible proof" of Hajduch's domicile (and, therefore, citizenship for diversity purposes). While a Florida driver's license may be evidence that an individual has resided in Florida, it does not conclusively establish that the individual intends to remain in Florida. Moreover, it does not establish whether Hajduch resided in (and intended to remain in) Florida at the time Plaintiff filed its Complaint. Given that Plaintiff only just identified Hajduch to Defendant (and, even then, only provided a name without any other identifying information), there remains a genuine dispute over Hajduch's citizenship.

Furthermore, while the series of documents Plaintiff has provided in its Response may potentially establish that Hajduch's citizenship bears on Plaintiff's citizenship (an issue I do not reach here), Defendant is entitled to conduct limited discovery targeted at verifying the existence and memberships of the entities to which Plaintiff points. Again, Plaintiff has provided various heavily redacted agreements, many of which are not publicly filed and several of which concern foreign entities, in support of the chain of ownership it describes (and only provided them after Defendant had filed the instant Motion). Given the curious timing and circumstances of Plaintiff's

---

[2] To the extent that Plaintiff's Response suggests that Defendant unduly delayed propounding or seeking leave to conduct jurisdictional discovery, I find that argument is without merit in light of Plaintiff's prior representations of its corporate form and citizenship. [DE 1, 8]. Plaintiff gave Defendant no reason to question Plaintiff's own representation about its citizenship until it filed its Motion to Dismiss; Defendant filed its initial motion seeking jurisdictional discovery four days later.

disclosure of its corporate form and explanation of its citizenship, not to mention the complex web of entities involved, Defendant is understandably skeptical of accepting those agreements and Plaintiff's representations about the various entities at face value.

That said, Defendant is not entitled to the scope of discovery it suggests in its Motion. *See* [DE 96] at 9, n.4. For example, Defendant suggests that the Court should permit Defendant to "obtain documents related to all of [Plaintiff], all its related companies, members, and partners, including those listed in Plaintiff's motion to dismiss, as well as the agreements related to those relationships, their ownership interests, duration and time frames of the interests, their citizenship during the relevant time periods, and any distributions, contributions, or other benefits that they received or provided as part of their ownership in those entities." *Id*. at n.4. However, Defendant need only seek discovery that will aid in answering two overarching questions: Was Hajduch (at the time Plaintiff filed this action) a citizen of Florida for diversity jurisdiction purposes, and did Hajduch's citizenship (at the time Plaintiff filed this action) have any bearing on Plaintiff's citizenship?

In answering this second question, Defendant need only determine whether (at the time the Complaint was filed) each entity Plaintiff has identified in the chain of ownership described in its Motion to Dismiss and Response to the Defendant's instant Motion was composed of the members or partners Plaintiff identified. There is no need for Defendant to seek discovery regarding all the members or partners of all of the entities – only those in the chain that Plaintiff has identified as undermining diversity. Furthermore, because "diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of '*all* the members,'" *Carden*, 494 U.S. at 195–96 (emphasis added), Defendant must focus on what information is necessary to determine that a given entity was, in fact, a member or partner of the entity that Plaintiff alleges it was (at the time

5

the Complaint was filed).[3] Defendant is also not entitled (at this time) to take depositions of Plaintiff's "counsel, and all others involved in any investigations (or lack thereof) related to Plaintiff's response to" the Court's Order to Show Cause [DE 6].

Therefore, it is **ORDERED** and **ADJUDGED** that:

1. The Motion is **GRANTED-IN-PART** as follows:

    a. Defendant shall have sixty days from the date of this order to conduct jurisdictional discovery.

    b. Defendant's discovery requests shall be limited and targeted towards determining whether Hajduch (at the time Plaintiff filed this action) was a citizen of Florida (for diversity jurisdiction purposes), and did Hajduch's citizenship (at the time Plaintiff filed this action) have any bearing on Plaintiff's citizenship.

    c. Defendant may seek jurisdictional discovery through requests for production, interrogatories, depositions by written questions, or depositions by oral examination.[4] No requests for admission should be served.

    d. Plaintiff shall respond to any demands for written discovery within fourteen days.

---

[3] During a status conference on January 22, 2024, Defendant suggested that it had case law indicating that not all members or partners in an LLC or limited partnership necessarily mattered for purposes of determining citizenship. Rather, Defendant suggested that some members or partners may not count towards an entity's citizenship depending on the nature or extent of their role or interest in the entity. I directed the Defendant to file a notice providing this case law. However, Defendant has filed no such notice. Given the clear indication in *Carden* and its progeny that the citizenship of an artificial entity like an LLC or a limited partnership depends on *all* of its members, I find that inquiry into the nature and extent of those members' or partners' interests is unnecessary except to the extent that it genuinely bears on the veracity of whether they are a member or partner.

[4] At the status conference, Plaintiff suggested that Defendant need only depose Hajduch by written questions. While Defendant may depose Hajduch this way, it may choose to depose Hajduch orally if such an examination is proportional to the needs of the case. That said, the Court expects that any oral deposition – of Hajduch or anyone else – would require no more than 3 hours (and potentially much less).

e. Because of Plaintiff's alleged structure, some people and documents might not technically be within Plaintiff's "control" or "custody." Nevertheless, Plaintiff shall make every reasonable effort to produce, or facilitate the production of, the requested individual(s) and documents expeditiously.

f. Should discovery require the production of sensitive, unredacted documents, the parties (and/or the producing entity) shall confer about designating such documents as "Attorneys Eyes Only" to minimize disputes.

g. Should the parties encounter any objections or discovery disputes, the parties are directed to follow my Discovery Procedures Order. [DE 36].

h. Defendant shall respond to Plaintiff's Motion to Dismiss [DE 95] within 10 days of the expiration of the sixty-day discovery period.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 25th day of January 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge