UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60897-DIMITROULEAS/STRAUSS

**NATIONAL CHRISTMAS PRODUCTS, INC.**
d/b/a National Tree Company,
a New Jersey Corporation,

    Plaintiff,
v.

**OJ COMMERCE, LLC,** a Florida Limited
Liability Company,

    Defendant.
_____/

## ORDER

**THIS MATTER** came before the Court upon Defendant's Motion for Leave to File a Sur-Reply to Plaintiff's Motion to Dismiss ("Motion"). [DE 132]. I have reviewed the Motion, Plaintiff's Response [DE 133], all pertinent portions of the record, and the applicable law. For the reasons discussed herein, the Motion is **DENIED**.

Defendant contends that the Court should permit it to file a sur-reply because Plaintiff's reply to the motion to dismiss cited, "for the very first time[,] . . . case law to support its assertion that a merged corporation is not considered for purposes of diversity of citizenship." [DE 132] at 1–2. Therefore, Defendant now seeks leave to file a sur-reply to address said case law.

"Sur-replies will generally only be permitted in exceptional circumstances." *Amargos v. Verified Nutrition, LLC*, 666 F. Supp. 3d 1249, 1250 (S.D. Fla. 2022). An example of such a circumstance is when "the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, Defendant does not

1

argue that its purpose for filing a sur-reply is to address new arguments that Plaintiff raised in its reply. Instead, Defendant seeks to address case law Plaintiff cites in support of the argument raised in its motion to dismiss and case law refuting Defendant's arguments raised in its response. These reasons do not warrant leave to file a sur-reply. Indeed, a review of Plaintiff's reply shows that its arguments are squarely focused on refuting the arguments Defendant raised in its response and distinguishing the case law Defendant cited in support of those arguments. *See Gov't Emps. Ins. Co. v. Gomez-Cortes*, No. 20-21558-CIV, 2022 WL 2173377, at *4 (S.D. Fla. June 15, 2022) (denying leave to file a sur-reply when "[a] review of [p]laintiff's reply [made] it clear that it merely responded to the arguments raised by [d]efendants' opposition, and cited to authority refuting those arguments"); *see also Equal Emp. Opportunity Comm'n v. Univ. of Miami*, No. 19-23131-CIV, 2021 WL 2349490, at *2 (S.D. Fla. June 9, 2021) (denying leave to file sur-reply when the "reply respond[ed] to the arguments and the evidence [that] the [p]laintiff relied on in her response in opposition").

While Plaintiff's reply cites to additional case law in support of its argument raised in the motion to dismiss, the argument and case law are not new. The inclusion of new case law in a reply may warrant a sur-reply "where the case law in the reply was either not available or only available days before the moving party filed its response, or the newly added case law in the reply is questioned by later cases." *Overstreet v. Worth Cnty., Georgia*, No. 1:20-CV-95 (LAG), 2021 WL 6143569, at *10 (M.D. Ga. Mar. 10, 2021). Here, however, Plaintiff cites case law from 1956, 1999, and 2014. [DE 132] at 2. Those cases are undoubtably not new, and Defendant has not provided any argument that later cases have questioned their holdings.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion is **DENIED**.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 11th day of April 2024.



Jared M. Strauss
United States Magistrate Judge

2