UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60897-DIMITROULEAS/STRAUSS

**NATIONAL CHRISTMAS PRODUCTS, INC.**
d/b/a National Tree Company,
a New Jersey Corporation,

    Plaintiff,
v.

**OJ COMMERCE, LLC,** a Florida Limited
Liability Company,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court upon Plaintiff's Motion to Dismiss Without Prejudice ("Motion"). [DE 95]. The Hon. William P. Dimitrouleas has referred the Motion to me for issuance of a Report and Recommendation. [DE 97]. I have reviewed the Motion, the response [DE 130] and reply [DE 131] thereto, and all pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED**.

## BACKGROUND

On May 12, 2022, Plaintiff National Christmas Products, Inc. ("Plaintiff") filed its Complaint against Defendant, alleging the Court had subject matter jurisdiction based on diversity between the parties. [DE 1]. The Complaint alleged that Plaintiff is an S corporation organized under the laws of the State of New Jersey, and Plaintiff's Addendum (filed in response to the Court's Order to Show Cause Regarding Subject Matter Jurisdiction [DE 6]) alleged that Defendant is a Delaware LLC whose sole member is a citizen of Florida (making Defendant a citizen of Florida). [DE 1, 8]. In turn, Defendant filed a counterclaim against Plaintiff [DE 24]

1

and later an amended counterclaim [DE 44]. After nearly two years of litigation, and with the discovery deadline passed, Plaintiff filed its Motion and attached several exhibits. *See* [DE 95].

Plaintiff asserts that the Court lacks subject matter jurisdiction over its own claims as well as Defendant's counterclaims. *Id*. According to Plaintiff, in November 2023, its CFO informed counsel that Plaintiff is an LLC, not an S corporation as Plaintiff had alleged in its Complaint. *Id*. Plaintiff states that this is due to the fact that Plaintiff merged out of existence and into National Christmas Products LLC ("NCP LLC") in November 2019. *Id*. Plaintiff's counsel then conducted an investigation into NCP LLC's members to ensure there was still complete diversity between the parties. *Id*. Upon the completion of the investigation, counsel discovered that one of NCP LLC's members, through several layers of underlying LLCs and limited partnerships, is (and was at the time the Complaint was filed) a citizen of Florida, thereby making Plaintiff a citizen of Florida and destroying diversity jurisdiction. *Id*. Plaintiff attached to its Motion the merger agreement between Plaintiff and NCP LLC, National Tree Holding, LLC's limited liability company agreement, a pro forma structure chart showing the corporate ownership of the various National Tree Holding, LLC entities, and an application to transact business in Florida for a limited liability partnership that is a part of NCP LLC. *See id.*

Defendant, skeptical of Plaintiff's assertions, moved to reopen discovery so that it could further investigate Plaintiff's claims raised in its Motion. *See* [DE 96]. In its response to Defendant's motion to reopen discovery, Plaintiff more thoroughly detailed the chain of LLCs and limited partnerships leading back to the individual, Mark Hajduch, that Plaintiff asserts makes it a citizen of Florida.[1] [DE 100]. Plaintiff attached to its response several redacted and unredacted

---

[1] Plaintiff alleges that it merged with NCP LLC, whose sole member is National Tree Intermediary, LLC, whose sole member is National Tree Holding, LLC. [DE 100]. One of National Tree Holding, LLC's thirteen members is National Tree Ultimate Holding, LLC, whose sole member is Sun National Tree, L.P. *Id.* Sun National Tree, L.P.'s general partner is Sun Holdings VII, LLC

merger, subscription, and operating agreements – some reflected in public filings and some not – as well as Hajduch's redacted driver's license. [DE 100, 100–1, 100–1, 100–2, 100–3, 100–4, 100–5, 100–6, 100–7, 100–8, 100–9, 100–10]. Plaintiff argued that those documents sufficiently established that one of NCP LLC's members is a citizen of Florida, which in turn makes Plaintiff a citizen of Florida. [DE 100].

Despite Plaintiff's assertions and attachments to its response, I found that Defendant was entitled to limited jurisdictional discovery to corroborate whether the Court indeed lacked subject matter jurisdiction. *See* [DE 106]. Upon the completion of jurisdictional discovery, Defendant filed its response to the Motion, and Plaintiff filed its reply. [DE 130, 131]. I subsequently denied Plaintiff's motion to file a sur-reply. [DE 134]. The Motion is now ripe for review.

## **LEGAL STANDARD**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). To have diversity jurisdiction, there must be "complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A corporation is a citizen "of its State of incorporation" and "the State where it has its principal place of business." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). However, unincorporated entities, such as limited liability companies, take the citizenship of each of their members. *Id.*; *Rolling Greens MPH, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

---

and its limited partner is Sun Capital Partners VII, L.P. *Id.* Sun Capital Partners VII, L.P. is the sole member of Sun Holdings VII, LLC. *Id.* The general partner of Sun Capital Partners VII, L.P. is Sun Capital Advisors VII, L.P. *Id.* Hajduch is a limited partner of Sun Capital Advisors VII, L.P. *Id.* Plaintiff alleges that Hajduch is a citizen of Florida, and therefore concludes that all the LLCs and limited partnerships in the aforementioned chain (including Plaintiff) are consequently citizens of Florida for diversity purposes as well. *Id.*

When a party attacks subject matter jurisdiction, it may bring a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks "require the court merely to look and see if the [party] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (quoting *Lawrence*, 919 F.2d at 1529). Factual attacks, however, "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

Under a factual attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). There is no presumption of truthfulness to the plaintiff's or counter-plaintiff's allegations, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Williamson*, 645 F.2d at 413).

## **ANALYSIS**

Plaintiff's Motion should be granted because the Court lacks subject matter jurisdiction. In its Motion, Plaintiff asserts that this Court lacks subject matter jurisdiction because Plaintiff and Defendant are both citizens of Florida and therefore are not diverse. After conducting limited jurisdictional discovery, Defendant's response does not appear to contest that NCP LLC – the company Plaintiff merged into – is a citizen of Florida for the purpose of diversity jurisdiction. Instead, Defendant opposes the Motion on the grounds that, under New Jersey law, Plaintiff is a dissolved S corporation that maintains the capacity to sue and be sued in its corporate name.[2]

---

[2] In its response, Defendant also suggests that this Court should sanction Plaintiff for not disclosing its alleged corporate status in a timely manner. [DE 130] at 7. The Court will not consider such a

4

As a threshold matter, since Defendant's response to the Motion does not provide any evidence nor challenge Plaintiff's assertion that Plaintiff merged into NCP LLC in 2019 or that NCP LLC is a citizen of Florida for the purpose of diversity jurisdiction, the Court may deem these facts admitted. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quoting *Kramer v. Gwinnett County, Georgia*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (alteration in original)); *see also Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2023 WL 2524530, at *3 (S.D. Fla. Mar. 15, 2023) ("A party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness."); *Guzman v. City of Hialeah*, No. 15-23985-CIV, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point.").

Regardless of Defendant's apparent concessions, I have reviewed Plaintiff's attachments to its Motion and subsequent briefings and find that Plaintiff has adequately demonstrated that Plaintiff merged into NCP LLC and that NCP LLC is a citizen of Florida for the purpose of diversity jurisdiction. Plaintiff provided the merger agreement between Plaintiff and NCP LLC as well as several LLC and partnership agreements detailing the members of each and how they trace all the way back to Hajduch – the Florida citizen. *See* [DE 95, 100]; *supra* note 1.

Despite conceding that the merger between Plaintiff and NCP LLC did occur, and that NCP LLC is a citizen of Florida, Defendant argues that it may still sue Plaintiff as a dissolved

---

request raised in a response to a motion. *See Anderson v. Branch Banking & Tr. Co.*, 119 F. Supp. 3d 1328, 1351 (S.D. Fla. 2015) ("It is not appropriate to seek an order for affirmative relief in a response to a motion.") (quoting *Silver v. Karp*, No. 14-80447-CIV, 2014 WL 4248227, at *5 n.3 (S.D. Fla. Aug. 27, 2014)); *see also CompRehab Wellness Grp., Inc. v. Sebelius*, No. 11-23377-CIV, 2013 WL 1827675, at *7 n.20 (S.D. Fla. Apr. 30, 2013) (noting that "a response to a motion is not a motion") (citing Fed. R. Civ. P. 7).

corporation, and that the dissolved corporation retains its original citizenship, thereby maintaining complete diversity between the parties and conferring subject matter jurisdiction upon the Court. I find Defendant's argument unpersuasive.

Whether a corporation has the capacity to sue or be sued is determined by the law under which it was organized. Fed. R. Civ. P. 17(b)(2). Plaintiff was organized under the laws of New Jersey. *See* [DE 8] at 2. Therefore, New Jersey law dictates whether Plaintiff has the capacity to sue or be sued.

In support of its argument that Defendant may sue Plaintiff, even after it merged into NCP LLC, Defendant cites to New Jersey Statute Section 14A:12-9. That statute, titled "Effect of Dissolution," states that when a corporation dissolves, it "shall continue its corporate existence but shall carry on no business except for the purpose of winding up its affairs." N.J. Stat. Ann. § 14A:12-9(1) (2022). Specifically, the dissolved corporation "may sue and be sued in its corporate name and process may issue by and against the corporation in the same manner as if dissolution had not occurred." N.J. Stat. Ann. § 14A:12-9(2)(e). Defendant then cites several federal cases finding that a dissolved corporation may continue to sue or be sued and retains its citizenship for diversity purposes after dissolution. [DE 130] at 4–6.

However, as Plaintiff argues in its reply, Plaintiff did not *dissolve*. Rather, it *merged* into NCP LLC. And New Jersey law (and corporate law generally) treats merger differently than dissolution, with different kinds of consequences. Dissolution "involves the termination of the corporate existence, at least as far as the right to continue doing ordinary business is concerned, and . . . the winding up of affairs, payment of debts, and distribution of assets among the shareholders." 4 James D. Cox and Thomas Lee Hazen, *Treatise on the Law of Corporations* § 26:1 (3d ed. 2023); *see also Lancellotti v. Maryland Cas. Co.*, 617 A.2d 296, 298 (N.J. Super. Ct.

6

App. Div. 1992) ("A dissolved corporation exists solely to prosecute and defend suits, and not for the purpose of continuing the business for which it was established."). By contrast:

> A merging of two corporations "contemplates that one will be absorbed by the other and go out of existence, but the absorbing corporation, will remain" as the surviving corporation pursuant to the plan of merger. *Applestein v. United Bd. & Carton Corp.*, 60 N.J. Super. 333, 342, 159 A.2d 146 (Ch. Div.), *aff'd*, 33 N.J. 72, 161 A.2d 474 (1960). By operation of law, all property, both real and personal, belonging to each of the merging corporations becomes vested in the surviving corporation, without any further act or deed. N.J.S.A. 14A:10–6(d). Thus, title passes automatically upon the filing of the certificate of merger in the Office of the Secretary of State. N.J.S.A. 14A:10–4.1(2). No price is paid. Consideration does not pass between the surviving parent corporation and its wholly-owned subsidiary, which is absorbed. Its existence ceases, N.J.S.A. 14A:10–6(b), and its liabilities become the obligation of the surviving parent. N.J.S.A. 14A:10–6(e).

*Vega v. Standard Mach. Co. of Auburn, Rhode Island*, 675 A.2d 1194, 1198 (N.J. Super. Ct. App. Div. 1996).

New Jersey Statute Section 14A:10-6, which Defendant fails to mention in its response, specifically speaks to "the effect of *merger*." N.J. Stat. Ann. § 14A:10-6 (2022) (emphasis added). When a merger becomes effective, "the separate existence of all parties to the plan of merger or consolidation, except the surviving or new corporation, shall cease." N.J. Stat. Ann. § 14A:10-6(b). Specifically, "[t]he surviving or new corporation shall be liable for all the obligations and liabilities of each of the corporations so merged . . .; and any claim existing or action or proceeding pending by or against any of such corporations may be enforced as if such merger or consolidation had not taken place." N.J. Stat. Ann. § 14A:10-6(e). Thus, while a corporation dissolved pursuant to New Jersey Statute Section 14A:12-9 "may sue and be sued" as if it continued to exist, a corporation merged into another entity under New Jersey Statute Section 14A:10-6 ceases to exist.

Defendant cites to one case, *Hayes v. Leek*, No. A-3257-10T2, 2012 WL 1447928 (N.J. Super. Ct. App. Div. Apr. 27, 2012), for the proposition that New Jersey Statute Section 14A:12-9 applies not only to dissolved corporations but to corporations merged out of existence as well.

7

[DE 130] at 4.  In *Hayes*, two entities merged with the non-surviving entity merged out of existence.  2012 WL 1447928 at *1.  The surviving entity then proceeded to conduct business for almost twenty years.  *Id.* at *1–2.  Then, the surviving entity sought to dissolve itself and form a new entity.  *Id.* at *2.  Due to several procedural infirmities, however, this dissolution never occurred, and the new entity never came into effect.  *Id.* at *5.  The New Jersey Superior Court noted that New Jersey Statute Section 14A:12-9 "provides that a dissolved corporation's corporate existence continues for purposes of winding up its affairs."  *Id.* at *4.  Nevertheless, the court's analysis does not mention the statute again and instead focuses on other portions of New Jersey law that detail the ways a corporation may be dissolved.  *Id.* at *5.  In the end, *Hayes* has nothing to do with merger between entities and the consequences of it but rather the later (attempted) dissolution of the merged entity itself.  So, contrary to Defendant's assertions, *see* [DE 130] at 4, *Hayes* does not stand for the proposition that New Jersey courts have applied New Jersey Statute Section 14A:12-9 "to corporations that were merged out of existence."

The federal cases Defendant cites similarly address dissolved corporations rather than those that had been merged into a different surviving entity.  For example, *Ripalda v. American Operations Corp.*, 977 F.2d 1464 (D.C. Cir. 1992), looks only at Delaware law regarding dissolved corporations, not merged ones.  Although it refers to the named defendant "AOC" being merged into a new corporation prior to the subject accident in that case, it indicates that another entity (referred to in the opinion as "AOC 2") was then incorporated before the subject incident but dissolved prior to the plaintiff filing suit.  *Id.* at 1465.  A close read of the opinion shows that the court's citizenship analysis addressed the dissolved entity "AOC 2," not the merged-out-of-existence entity "AOC 1".  *See id.* at 1469 ("Moreover, AOC No. 2 was dissolved in July 1989.  Therefore, when it was sued in 1990 AOC was still a citizen of Delaware by virtue of § 278 . . . .").

Similarly, this Court's decision in *Grguric v. Little Mermaid South, Inc.*, No. 07-81219-CIV, 2008 WL 1766889 (S.D. Fla. Apr. 14, 2008), and the Eleventh Circuit's decision in *Holston Investments, Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068 (11th Cir. 2012), solely involved dissolved corporations without any mention of merger. The one case Defendant cites that is arguably to the contrary is *Bollea v. Wells Fargo Ins. Services Southeast, Inc*., No. 810-CV-1085-T-33EAJ, 2010 WL 2889762 (M.D. Fla. July 22, 2010), a non-binding case that was not decided under New Jersey law. However, for the reasons described in the reply and in *Vision Bank v. Dynamic Air, Inc*., No. CIV.A. 10-00543-CG-B, 2011 WL 1475939, at *3 n.4 (S.D. Ala. Mar. 30, 2011), *report and recommendation adopted*, 2011 WL 1475918 (S.D. Ala. Apr. 15, 2011), *Bollea* is distinguishable (or unpersuasive).

Here, Defendant does not challenge that the actual merger between Plaintiff and NCP LLC occurred. Therefore, under New Jersey law, Plaintiff did not become a "dissolved corporation." Rather, it ceased to exist once the merger between the two entities became official, with all of its obligations and liabilities passing to the surviving entity, NCP LLC. N.J. Stat. Ann. § 14A:10-6(b). Therefore, Defendant cannot sue Plaintiff as a dissolved S corporation because Plaintiff is not a dissolved S corporation. And, Plaintiff's New Jersey citizenship does not continue to exist because Plaintiff ceased to exist.

Because NCP LLC is a citizen of Florida for diversity purposes, and Defendant is a citizen of Florida for diversity purposes – facts Defendant does not contest – this Court lacks subject matter jurisdiction.

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion, [DE 95], be **GRANTED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 7th day of May 2024

Jared M. Strauss
United States Magistrate Judge