UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-60897-WPD

NATIONAL CHRISTMAS PRODUCTS,
INC. d/b/a NATIONAL TREE COMPANY,

        Plaintiff,

v.

OJ COMMERCE, LLC,

        Defendant.
_____/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE; GRANTING MOTION TO DISMISS; DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

THIS CAUSE is before the Court upon Plaintiff National Christmas Products, Inc. d/b/a National Tree Company ("Plaintiff")'s Motion to Dismiss Without Prejudice (the "Motion") [DE 95], filed on January 9, 2024, and the Report and Recommendation of Magistrate Judge Strauss (the "Report") [DE 135], entered on May 7, 2024. The Court has conducted a *de novo* review of the Report [DE 135], Defendant OJ Commerce LLC ("Defendant")'s Objection to the Honorable Magistrate Judge Strauss' Report and Recommendation [DE 136], and Plaintiff's Opposition to Defendant's Objection to Magistrate Judge Strauss' Report and Recommendation [DE 137]. The Court is otherwise fully advised in the premises.

On May 12, 2022, Plaintiff filed a Complaint against Defendant, alleging the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. *See* [DE 1]. The Complaint alleged that Plaintiff is an S corporation organized under the laws of the State of New Jersey, and Plaintiff's

1

Addendum alleged that Defendant is a Delaware LLC whose sole member is a citizen of Florida. *See* [DE's 1, 8]. Defendant filed a counterclaim against Plaintiff [DE 24] and later an amended counterclaim [DE 44].

On January 9, 2024, after nearly two years of litigation, Plaintiff filed the instant Motion, seeking dismissal its own claims and Defendant's counterclaims without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See* [DE 95]. Therein, Plaintiff asserts that it recently discovered information regarding its organizational structure that reveals that Plaintiff is a citizen of Florida. *See id.* Specifically, Plaintiff states that it discovered that Plaintiff merged out of existence and into National Christmas Products LLC ("NCP LLC") in November 2019 and that one of NCP LLC's members is (and was at the time the Complaint was filed) a citizen of Florida, thereby making Plaintiff a citizen of Florida and destroying diversity jurisdiction. *See id.* Defendant, skeptical of Plaintiff's assertions, moved to obtain expedited discovery regarding the issues raised in Plaintiff's Motion, which Magistrate Judge Strauss granted in part. *See* [DE's 96, 106].

Following the competition of jurisdictional discovery and the parties' briefing, Magistrate Judge Strauss issued his Report, recommending that Plaintiff's Motion be granted because the Court lacks subject matter jurisdiction. *See* [DE 135]. Defendant has now filed objections to the Report. *See* [DE 136].

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006)

2

(quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Defendant's objections. Having carefully considered Defendant's objections, the Court overrules the objections. The Court agrees with the reasoning and conclusion of the Magistrate Judge that Plaintiff has adequately demonstrated that Plaintiff merged into NCP LLC and that NCP LLC is a citizen of Florida for purposes of diversity jurisdiction. The Court also agrees with the reasoning and conclusion of the Magistrate Judge that Defendant failed to contest that Plaintiff merged into NCP LLC or that NCP LLC is a citizen of Florida for diversity purposes.

The Court rejects Defendant's objection that the Magistrate Judge should have only considered the citizenship of National Christmas Products, Inc., the Plaintiff listed in the case caption. As the Magistrate Judge correctly explained in his Report, Plaintiff "ceased to exist once the merger between the two entities became official, with all of its obligations and liabilities passing to the surviving entity, NCP LLC. . .. Plaintiff's New Jersey citizenship does not continue to exist because Plaintiff ceased to exist." [DE 135] at p. 9. Though a technically incorrect (and non-existent) party may have been named as Plaintiff in the case caption, this

3

defect did not somehow create jurisdiction where it did not exist. *See* 71 C.J.S. Pleading § 437 (2011) ("Subject to the discretion of the court, and in the absence of a statute or rule of court providing otherwise, amendment by interlineation is considered permissible, particularly in the case of an amendment of a trivial or formal nature."); *see also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497, at 80 (2d ed. 1990) ("Amendments curing a defective statement of subject matter jurisdiction ... will relate back ...." (footnotes omitted)).

The Court likewise rejects Defendant's objection that the Magistrate Judge ignored evidence that the merger was ineffective as Plaintiff continued to do business as National Christmas Products, Inc. after the merger. First, Defendant's argument is waived as Defendant did not raise this argument in its response to the Motion before the Magistrate Judge. *See Sunflower Condo. Ass'n, Inc. v. Everest Nat'l Ins. Co.*, No. 19-CIV-80743-RAR, 2020 WL 5757085, at *5 (S.D. Fla. Sept. 28, 2020) (declining to consider argument raised for the first time in objections to report and recommendation and observing that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.") (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)); *see also* [DE 135] at p. 5 ("Defendant's response to the Motion does not provide any evidence nor challenge Plaintiff's assertion that Plaintiff merged into NCP LLC in 2019[.]"). Second, even if Defendant's argument is not waived, the evidence Defendant points to fails to sufficiently undermine the evidence relied upon by the Magistrate Judge in his Report. The Court therefore overrules Defendant's objections.

4

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 135] is **APPROVED**;

2. Defendant's Objection to the Honorable Magistrate Judge Strauss' Report and Recommendation [DE 136] is **OVERRULED**;

3. Plaintiff's Motion to Dismiss Without Prejudice (the "Motion") [DE 95] is hereby **GRANTED**;

4. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and

5. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of June 2024.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Strauss
Counsel of record