UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-60897-WPD

NATIONAL CHRISTMAS PRODUCTS,
INC. d/b/a NATIONAL TREE COMPANY,

        Plaintiff,

-vs-

OJ COMMERCE, LLC,

        Defendant.
_____/

**DEFENDANT'S MOTION FOR SANCTIONS
AGAINST PLAINTIFF AND ITS COUNSEL**

Defendant OJ Commerce, LLC ("OJC" or "Defendant") hereby files this motion for sanctions, and in support thereof states:

**INTRODUCTION**

The day after Plaintiff National Christmas Products, Inc. ("Plaintiff" or "NCP INC") filed this action,[1] this Court issued an Order to Show Cause Regarding Subject Matter Jurisdiction directed to Plaintiff about citizenship information related to "**any party**" that was an LLC. Plaintiff unequivocally responded that it was <u>not</u> an LLC but was an S-Corp. After nearly 20 months of intense litigation, including ten depositions, many motions, three discovery hearings, and hundreds of thousands of dollars in attorneys' fees and costs, just six days before the critical dispositive motion deadline, Plaintiff filed out of the blue a motion to dismiss this case for lack of subject matter jurisdiction. (ECF 91.) Plaintiff's motion to dismiss was predicated on the purported "discovery" that Plaintiff was not an S-Corp but an LLC – a fact that was not only known but deliberately concealed by Plaintiff since this case began. Throughout the

---

[1] Plaintiff filed its Complaint against OJC in this Court on May 12, 2022. (ECF 1.)

1

nearly-two-years of litigation, Plaintiff repeatedly and intentionally misled this Court and OJC about Plaintiff's corporate status, which spanned Plaintiff's Complaint and response to this Court's Order to Show Cause (ECF 8), Plaintiff's counsel sitting silently through sworn Rule 30(b)(6) corporate designee deposition testimony that was false about Plaintiff's actual corporate status, and nearly two dozen other court filings made in NCP INC's name.

Plaintiff's supposed late-stage "discovery" of its LLC status, conveniently unearthed after extensive litigation, is not only extremely prejudicial to OJC, but it is also thoroughly disproven by Plaintiff's history of misrepresentations it has made to this Court and OJC about its corporate status.  The timeline below of Plaintiff's countless (mis)representations to this Court and OJC about Plaintiff's status as an S-Corp. plainly exposes Plaintiff's scheme to deceive the Court and OJC since the outset of this case, and to preserve a ready escape hatch out of this case.

In an effort to mitigate the harm inflicted on OJC, OJC has tried to obtain a stipulation from Plaintiff that the parties will simply pick up the case from where it was when Plaintiff filed its motion to dismiss, which was three weeks after all discovery was closed and days before the dispositive motion deadline.  (Ex. A.)  This way, all the money spent in this case could be salvaged and the same ground would not be re-covered during a new case.  But Plaintiff has refused to agree to do that, instead demanding that discovery be reopened and more depositions and other discovery take place, and to potentially re-open all the discovery that was already completed.  (Ex. B.)  Plaintiff's demands show the true intention behind its dismissal strategy, which is to push a reset button on this case, and put itself in a much better position than it was in when it moved to dismiss this case on January 2, 2024, while significantly prejudicing OJC to the tune of hundreds of thousands of dollars in wasted fees and costs.

Not only has Plaintiff wasted two-years of this Court's and OJC's time and resources through Plaintiff's repeated misrepresentations about its corporate status, but Plaintiff has also used those misrepresentations to gain a tactical advantage in this dispute. For that, Plaintiff and its counsel should at least be ordered to compensate OJC for its attorneys' fees and expenses, which is the measure of the costs incurred as a result of Plaintiff's sanctionable conduct. OJC therefore respectfully requests that its motion for sanctions be granted.

## TIMELINE

1. On August 15, 2017, OJC and Plaintiff "National Christmas Products, **Inc.** DBA National Tree Company" entered into an E-Commerce Vendor Agreement, which is the subject of breach of contract claims by both Plaintiff and OJC. (ECF 1-3, p. 1; *see* ECF 1 and ECF 44.)

2. Plaintiff asserted in this action, in its motion to dismiss, that NCP INC "was merged out of existence and into [NCP LLC], a Delaware LLC, in or about November 8, 2019. (ECF 95, p. 3, ¶ 12.)

3. Two-and-a-half years later, on March 14, 2022, Plaintiff's counsel sent a demand letter to OJC on behalf of "National Christmas Products, **LLC**" ("NCP LLC"), threatening legal action. (ECF 1-4, pp. 1-2.) Plaintiff's CFO was copied on the demand letter. (*Id.* at 2.) The attachment to that letter, an "Accounts Receivable Aging Report," was also dated March 14, 2022, and identified "National Christmas Products, **Inc**." as the interested party. Plaintiff attached a copy of this letter and its attached Report as Exhibit 2 to its Complaint. (*Id.* at 4; ECF 1, p. 4, ¶ 21.)

4. On May 12, 2022, over two years after the alleged merger of NCP INC into NCP LLC, and a full two months after Plaintiff clearly knew of and identified NCP **LLC**, Plaintiff and its counsel filed their Complaint against OJC certifying that "Plaintiff National Christmas

3

Products, **Inc.** D/B/A National Tree Company is an **S corporation** organized under the laws of the State of New Jersey with its principal place of business at 2 Commerce Dr., Cranford, New Jersey 07016."[2]  (ECF 1, p. 2, ¶ 6 (emphasis added).)

5. The very next day, on May 13, 2022, this Court issued an Order to Show Cause Regarding Subject Matter Jurisdiction, which stated in relevant part:

> [I]t is **ORDERED AND ADJUDGED** that on or before **May 19, 2022**, *Plaintiff shall file an Addendum to its Complaint listing the citizenship of every member of <u>any Party</u> that is a limited liability company* or any other form of unincorporated business or association. If a member of an LLC is itself an LLC, then Plaintiff must likewise allege the membership of the member LLC. (ECF 6, p. 2 (third emphasis added).)

6. In response to the Court's Order to Show Cause, Plaintiff filed an Addendum and specifically re-certified to the Court what evidently was a knowingly false factual contention that "National Tree Company is an **S corporation** organized under the laws of the State of New Jersey with its principal place of business at 2 Commerce Dr., Cranford, New Jersey 07016." (ECF 8, p. 2, ¶ 8.)  Nowhere in Plaintiff's response to the Order to Show Cause did Plaintiff mention a word about NCP LLC, that it even existed, or that the LLC allegedly had any interest or claim in this case.  (*See* ECF 8.)

7. Plaintiff's Complaint, its response to the Order to Show Cause, and all its pleadings, motions, and other papers filed before this Court were subject to Fed. R. Civ. P. 11(b)(3), which explicitly states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—**an attorney** or unrepresented party **certifies** that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  (emphasis added.)

---

[2] This is the same address identified in Plaintiff's demand letter that listed the LLC. (ECF 1-4, p. 2.)

8. Based on the foregoing, Plaintiff and its counsel certainly knew of the existence of NCP LLC before they filed Plaintiff's Complaint and response to the Order to Show Cause and that Plaintiff's corporate status was allegedly that of an LLC, not an S-Corp. (*See* ECF 1-4, pp. 1-2.)  Plaintiff and its counsel were also under an obligation as mandated by Rule 11 and this Court's Order to Show Cause to inquire about the factual contentions it made to the Court and OJC about Plaintiff's corporate status.

9. Nonetheless, Plaintiff subsequently filed over the next 19+ months ***nearly two dozen*** pleadings, motions, and other papers with this Court, maintaining that Plaintiff was a corporation, an "**Inc.**" (*See generally* Court Docket.)

10. OJC took the depositions of six of Plaintiff's corporate employees and upper management and all of them testified under oath that they worked for Plaintiff NCP INC.  None of Plaintiff's witnesses testified that they worked for an LLC, or even mentioned an LLC, during their testimony.  Nor did Plaintiff's counsel clarify that an LLC was supposedly the proper party, even after November 13, 2023 when Plaintiff's counsel admittedly knew that the proper party was allegedly the LLC (ECF 91, p. 2, ¶ 10).

11. Plaintiff also sought and obtained two discovery extensions to the scheduling order, all the while concealing its alleged status as an LLC from this Court and OJC. (ECF 55 & 75.)

12. Plaintiff has admitted that "[o]n November 13, 2023, Plaintiff's CFO informed [counsel] that Plaintiff is not an S-Corp." but rather an LLC. (ECF 91, p. 2, ¶ 10.)

13. This was not new information to Plaintiff or its counsel, because, according to Plaintiff in its motion to dismiss, "National Christmas Products, Inc. was ***merged out of existence*** and into National Christmas Products, LLC, a Delaware LLC, in or about October

2019," ***two-and-a-half years before*** Plaintiff even filed this lawsuit.  (ECF 91, p. 3, ¶ 11 (emphasis added).)

14. Incredibly, ***at no time*** between November 13, 2023 and the filing of its motion to dismiss on January 4, 2024 did Plaintiff notify OJC or this Court of this fact or that there was any potential issue with subject matter jurisdiction.

15. To the contrary, Plaintiff and its counsel intentionally withheld this information, even during subsequent depositions on November 20 and December 4, 2023 where Plaintiff's two Rule 30(b)(6) witnesses testified under oath that they worked for Plaintiff – *i.e.*, National Christmas Products, Inc.  For instance, Plaintiff's corporate designee, Dennis Cooke, testified on November 20, 2023 as follows:

> Q: I take it when I am referring to National Tree today, and we know that this is the company that you work for, the Plaintiff [National Christmas Products, Inc. d/b/a National Tree Company] in this lawsuit?
> A: Yes.
> Q: I do not have to say out the whole corporate name, we know what we are talking about?
> A: Yes, that is fine.

(*See, e.g.,* ECF 96-1, 6:1 - 7:1.)[3]  Even though Plaintiff's counsel admittedly knew this to be undoubtedly false as of no later than November 13, 2023, Plaintiff's counsel stayed silent, did not clarify the record, did not supplement its discovery responses, and concealed Plaintiff's false testimony.

16. To that end, Plaintiff and its counsel kept its allegedly true corporate status secret until it dropped its motion to dismiss for lack of subject matter jurisdiction out of the blue on January 4, 2024, asking the Court to dismiss this case on the eve of the dispositive motion deadline.  (ECF 91 and ECF 95.)

---

[3] ECF 96-1 is a true and correct copy of pages from the Rule 30(b)(6) deposition of Plaintiff, given by Plaintiff's Controller, Dennis Cooke on November 20, 2023, a *week after* Plaintiff's counsel allegedly learned of the LLC issue.

17.     Magistrate Judge Strauss issued a Report and Recommendation that Plaintiff's motion to dismiss be granted based on his finding that NCP INC "ceased to exist" once it merged into NCP LLC. (ECF 135.)  This Court approved the Report, granted Plaintiff's motion to dismiss, and dismissed this case for lack of subject matter jurisdiction on June 6, 2024. (ECF 138.)  OJC now files its motion for sanctions based on Plaintiff and its counsel's repeated misrepresentations throughout this case about its corporate status.

18.     This Court may address a sanctions motion based on its inherent powers or 28 U.S.C. § 1927 even if it lacks subject matter jurisdiction over the underlying case. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).

## ARGUMENT

**I.    Plaintiff should be sanctioned under the inherent power of the Court.**

There can be absolutely no dispute that Plaintiff knew of its true corporate status as an LLC *years before* it filed this case. Indeed, Plaintiff admits that it filed an Agreement and Plan of Merger of NCP INC into NCP LLC on November 14, 2019, two-and-a-half-years before this case was filed on May 12, 2022. (ECF 95, p. 3, ¶ 12; ECF 95-1.) Even after the Court issued an Order to Show Cause Regarding Subject Matter Jurisdiction the day after the Complaint was filed, Plaintiff still concealed from this Court Plaintiff's years-long status as an LLC and its citizenship. (ECF 6 and 8.) In filing after filing and in deposition after deposition, Plaintiff continued to misrepresent its LLC status, instead repeating dozens of times in discovery responses, court filings, and depositions that it was NCP INC. Even after Plaintiff' CFO told its counsel on November 13, 2023, that it was not an S-Corp., but was instead an LLC, Plaintiff continued to conceal that information from OJC and this Court, which led to even more time and

7

resources being wasted. Incredibly, Plaintiff's Rule 30(b)(6) witnesses continued to testify after November 13, 2023 that Plaintiff was still NCP INC and not an LLC. (*See, e.g.,* ECF 96-1.)

The inherent power of the Court extends to a full range of litigation abuses and must continue to exist to fill in the interstices. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Indeed, the inherent power of a court "'can be invoked even if procedural rules exist which sanction the same conduct,' for these rules are not substitutes for the inherent power." *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1575 (11th Cir. 1995) (citation omitted). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citation omitted). Bad faith in the context of inherent powers can be met either (1) with direct evidence of the party's subjective bad faith or (2) with evidence of conduct "so egregious that it could only be committed in bad faith." *Hyde*, 962 F.3d at 1310 (quoting *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224-25 (11th Cir. 2017)).

Here, the direct evidence of Plaintiff's subjective bad faith is clear. Plaintiff admittedly knew that it was an LLC years before this case was filed and yet still filed it as NCP INC. Even after the Court specifically ordered -- the day after this case was filed -- Plaintiff to confirm its corporate status, Plaintiff again misled the Court and OJC, and omitted any mention of NCP LLC at all – a pattern that continued over and over throughout the course of the next 20 months. Even after Plaintiff's CFO raised the issue with its counsel on November 13, 2023, Plaintiff still continued to conceal the information from OJC and this Court. None of these facts can be remotely disputed by Plaintiff, as all of them are plainly evident in Plaintiff's admissions, discovery responses, filings on the court docket, and deposition testimony, and the fact that Plaintiff has never pointed to a single shred of evidence that it ever told the Court that it was an LLC prior to filing its motion to dismiss on January 4, 2024. Quite the opposite, Plaintiff

8

repeatedly and specifically affirmed that it was NCP INC, even after being specifically ordered to inquire on the matter, until it was to Plaintiff's tactical advantage to say otherwise. Now Plaintiff wants to reopen discovery in a new case, and conduct discovery that was already over in this case. Taken together, Plaintiff's motive of concealing its corporate status and citizenship until the eve of dispositive motions is clear: to provide Plaintiff a trap-door escape route to re-litigate this dispute in a new case. This is the very kind of knowing conduct that the Court's inherent powers are designed to redress. Accordingly, the Court should sanction Plaintiff under the Court's inherent powers by requiring Plaintiff to pay OJC's attorneys' fees and costs related to the litigation of this case to alleviate the prejudice that Plaintiff has caused OJC in the past two years of wasted time and resources.

**II.     Plaintiff's counsel should be sanctioned under 28 U.S.C. § 1927.**

Plaintiff's counsel's conduct was likewise egregious, as they participated in the repeated misrepresentations to this Court and OJC, and they should also be sanctioned. Indeed, "by not bringing to the court's attention early in the proceedings its lack of jurisdiction and by willfully and in bad faith concealing same from [OJC] and the court, while actively litigating the controversy, [Plaintiff's counsel] violated 28 U.S.C. 1927, which provides:"

> Counsel's liability for excessive costs
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Intel Containers International Management, Inc. v. Puerto Rico Marine Management, Inc.*, 108 F.R.D. 96, 103 (D.N.J. 1985) (quoting 28 U.S.C. § 1927). Like in *Intel Containers*, "[t]here can be no doubt that counsel here 'unreasonably' and 'vexatiously' multiplied the proceedings in this case by delaying as they did the disclosure of [any alleged] lack of subject matter jurisdiction."

9

*Id.* In ordering the payment of attorneys' fees, the *Intel Containers* court found on similar facts that "[k]nowing the court [allegedly] lacked jurisdiction over the matter, the [plaintiff] and its counsel not only litigated the matter as if it did, but went out of their way to induce the belief in the [defendant] and the court that it did." *Id.* at 104.

Here, as shown above, Plaintiff's counsel made repeated misrepresentations to this Court and OJC about its corporate status – even after ordered to investigate and report back to the Court on any LLC interested in the case (ECF 6) — and remained silent, did not supplement, and did not inform the Court or OJC for 20 months about the corporate status of Plaintiff, even after they admittedly knew on November 13, 2023 that Plaintiff was an LLC, not an S-Corp. Such a knowing taking of a false position shows bad faith. *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1241 (11th Cir. 2007). (defining "bad faith" in the context of 28 U.S.C. § 1927). "[A]ttorneys are the filter upon which courts rely to maintain the integrity of, and trust in, our judicial process." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010). Plaintiff's counsel was complicit in Plaintiff's misrepresentations throughout the case, including in the Complaint, in response to the Order to Show Cause Regarding Subject Matter Jurisdiction, in Plaintiff's discovery responses, deposition testimony, and court filings. "Neither sanctions nor a judgment against the client absolve the lawyer." *Id.* Plaintiff's counsel should therefore be ordered to likewise pay OJC's attorneys' fees and costs caused by their objectionable conduct. *Id.* at 1314 (sanctions amount dictated by "the costs occasioned by the objectionable conduct").

## **CONCLUSION**

Only after Plaintiff's claims fell apart and instead of dismissing its claims with prejudice under Fed. R. Civ. P. 41, Plaintiff used its escape route in its motion to dismiss based on information that it had known for ***over three years***. Based on its own admitted facts, Plaintiff

engaged in repeated misrepresentations and concealments from this Court on Plaintiff's corporate status since Day One of this case. Now Plaintiff demands that discovery in this case be reopened in a new case, casting aside the fact that discovery had been closed for three weeks and dispositive motions were days away when Plaintiff pulled out its long-known trump card. Accordingly, OJC respectfully requests that the Court (i) sanction Plaintiff under the Court's inherent powers and Plaintiff's counsel under 28 U.S.C. § 1927 by holding them jointly and severally liable and ordering them to pay OJC's attorneys' fees and costs related to this case, and (ii) grant OJC such other relief as the Court finds just and proper.

### PRE-FILING CONFERENCE CERTIFICATION

Prior to filing this Motion, on May 15, 2024, and June 20, 2024, counsel for OJC met and conferred with Plaintiff's counsel about whether Plaintiff would be willing to resolve by agreement the issues raised in this Motion. The parties also exchanged proposed stipulations about the use of evidence from this case in a subsequent case and from where the future case would begin from. (Exs. A and B.)[4] The parties could not agree on those issues, as Plaintiff demanded the re-opening of discovery and to put itself in a better position than it was in when it filed its motion to dismiss on January 2, 2024, three weeks after all discovery was closed and days before the dispositive motion deadline.

Dated: July 8, 2024                                      Respectfully Submitted,

                                                         By: /s/ Shlomo Y. Hecht
                                                         Shlomo Y. Hecht
                                                         Florida State Bar No.: 127144

---

[4] Ex. A is a true and correct copy of OJC's proposed Stipulation on Evidence from this case for a future case, and Ex. B is a true and correct copy of Plaintiff's redlined Stipulation on Evidence that demands the re-opening of the closed discovery period.

11

Shlomo Y. Hecht, P.A.
3076 N Commerce Pkwy
Miramar, FL  33025
Phone: (954) 861-0025
Email: sam@hechtlawpa.com

Aaron W. Davis (admitted *Pro Hac Vice*)
VALHALLA LEGAL, PLLC
P.O. Box 735
Custer, SD  57730-0735
Phone: (763) 957-2397
Email: davis@valhallalegal.com

*Attorneys for OJ Commerce, LLC*

**CERTIFICATE OF TRANSMITTAL / SERVICE**

I HEREBY certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served this document upon Plaintiff's counsel of record.

/s/Shlomo Y. Hecht
Shlomo Y. Hecht