UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-60897-WPD

NATIONAL CHRISTMAS PRODUCTS,
INC. D/B/A NATIONAL TREE
COMPANY, a New Jersey Corporation

      Plaintiff,

v.

OJ COMMERCE, LLC, a Florida Limited Liability
Company

      Defendant.
_____/

**DECLARATION OF JOHN B. HORGAN, ESQ. IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**

    John B. Horgan, declares, under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

    1. I am a partner with the law firm Ellenoff Grossman & Schole, LLP ("EGS"), counsel for Plaintiff ("NCP") in this action. As such, I am fully familiar with the facts and circumstances of this matter.

    2. On or about March 14, 2022, EGS sent a demand letter to Defendant in an attempt to avoid litigation. The demand letter was sent in the name of "National Christmas Products, LLC." At the time that the demand letter was sent, EGS had not yet received substantial documents from NCP, including but not limited to the agreement between Plaintiff and Defendant.

    3. After the parties failed to reach an agreement, EGS was given certain documents to use to prepare the complaint. Included in those documents were the parties' agreement and the accounts

1

receivable statement, both which bore the name "National Christmas Products, Inc."

4. Based on those documents, the complaint—which asserted claims for breach of contract and account stated—was drafted (and ultimately filed) in the name of National Christmas Products, Inc.

5. On or about April 13, 2022, EGS provided NCP with a draft of the complaint, which listed National Christmas Products, Inc. as Plaintiff.

6. On or about April 24, 2022, NCP informed EGS that it approved the draft for filing.

7. On May 12, 2022, EGS filed the complaint.

8. The same day, the Court issued an Order to Show Cause which directed Plaintiff to provide the Court with the citizenship of the parties for diversity purposes based on Defendant's status as an LLC.

9. Under the mistaken impression that only Defendant was an LLC, EGS investigated Defendant's LLC membership but did not investigate Plaintiff's corporate status and submitted its addendum to the Complaint on May, 2022.

10. The parties went on to engage in substantive motion practice.

11. On October 28, 2022, the parties submitted a joint motion for extension of time on all outstanding deadlines for the parties to engage in settlement discussions. The Court granted the motion, but stated in part that "no further extensions shall be expected." D.E. 33.

12. For the next several months, the parties engaged in discovery, including but not limited to an exchange of documents, several discovery hearings and depositions.

13. The discovery deadline was set for October 20, 2023. D.E. 35.

14. On September 29, 2023, Plaintiff moved to extend the discovery cutoff deadline. D.E. 55. Due to Defendant's deficiencies in its document production, as well as a disagreement between

the parties as to the proportionality of the number of depositions noticed by Defendant, Plaintiff sought additional time to resolve those disputes and complete discovery. Defendant opposed. D.E. 60.

15. On October 11, 2023, the Court granted a discovery deadline extension to November 13, 2023. The Court stated that absent an emergency, further extensions should not be expected. D.E. 66.

16. On October 23, 2023, Plaintiff sought a second extension of the discovery cutoff deadline on the grounds that (i) the lead partner assigned to the matter, Anthony Galano, III, was on emergency medical leave, (ii) new lead counsel had to be brought up to speed on the matter and (iii) there were several discovery disputes and depositions outstanding. D.E. 75. Defendant opposed again. D.E. 76.

17. On October 27, 2023, the Court granted a second discovery deadline extension to December 13, 2023 and reset the remainder of the pretrial schedule. This time, the Court emphasized that further extensions shall not be expected absent emergency. D.E. 80.

18. On November 13, 2023, Plaintiff's CFO informed EGS that Plaintiff is not an S-Corp., as alleged in the Complaint and Defendant's counterclaims, but rather an LLC.

19. Immediately thereafter, EGS conducted an investigation with respect to Plaintiff's corporate identity; that investigation revealed that National Christmas Products, Inc. was merged out of existence and into National Christmas Products LLC, a Delaware LLC, in or about October 2019.

20. Understanding that, for purposes of diversity jurisdiction—under which the Court presided over this action—an LLC is a citizen of each state of which *each of its members* is a citizen, EGS sought to determine the identity of NCP's members up through the chain of

corporate ownership; this included investigating the identities of certain offshore LLCs and limited and general partnerships, which information was not within EGS' or NCP's possession and which was not publicly available.

21. Defendant's argument that this inured to Plaintiff's benefit with respect to case strategy in general, and discovery in particular, is false: in the event that the investigation determined that complete diversity **did** exist among the parties, which would provide this Court subject-matter jurisdiction to hear the case, all the effort expended in the investigation would have resulted in a distraction from a tight discovery timeline that the Court had already stated explicitly would not be extended absent an emergency, and ultimately prejudiced Plaintiff.

22. Defendant did not ask a single deponent about Plaintiff's corporate identity: in fact, counsel for Defendant explicitly declined to state "the whole corporate name" and instead confirmed that Plaintiff's corporate witness would "know what we are talking about?" Motion at ¶ 15. Defendant did not ask if that corporate entity was an LLC or an S-Corp., nor did Defendant direct the witness to look at the caption to confirm that the entity listed as Plaintiff was accurate. As a result, there was nothing for Plaintiff's counsel to correct on the record during those depositions.

23. On or about December 1, 2023, EGS asked Plaintiff's CFO if he was able to obtain the membership and partnership information of the entities in the membership chain that EGS was unable to determine.

24. On December 5, 2023, EGS followed up with Plaintiff's CFO to determine whether he had been able to determine any new information from any of Plaintiff's member entities.

25. On December 6, 2023, EGS again spoke to Plaintiff's CFO concerning the information needed to confirm Plaintiff's citizenship.

26. While EGS investigated Plaintiff's corporate identity (and the citizenship of that entity), the parties were still in the midst of discovery. The parties were taking and defending depositions; Defendant issued notices of deposition for two non-party witnesses (neither of which EGS represented), which Plaintiff opposed.

27. Expert discovery was also ongoing. Defendant produced an expert report regarding damages, as well as a supporting damages calculations spreadsheet, which contained the data underlying the expert's calculations, on October 4, 2023.

28. Plaintiff retained an expert and provided Defendant with a rebuttal report on December 2, 2023.

29. One week before the discovery cutoff deadline and the night before its expert's deposition, Defendant produced an amended expert report along with an updated damages calculations spreadsheet that included approximately 43,000 rows of new data that had not been produced in discovery.

30. As a result, the parties could not proceed with the expert depositions as scheduled.

31. On December 21, 2023, Plaintiff's CFO informed EGS that at least one limited partner of Sun Capital Partners VII, L.P. (itself an offshore entity in NCP's chain of membership for diversity citizenship purposes) is a citizen of Florida. This was the first time that EGS found any evidence to suggest that any person in Plaintiff's chain of ownership was a citizen of Florida, which would destroy diversity.

32. Upon learning this, counsel requested more specific information as to this limited partner, specifically including whether this limited partner had been a limited partner continuously from May 2022 until the present.

33. On December 28, 2023, counsel for Plaintiff was able to confirm that this individual had

been a limited partner of Sun Capital Partners VII, L.P., continuously since May 2022.

34. On January 4, 2024, Plaintiff filed the motion to dismiss.

35. Immediately thereafter, jurisdictional discovery commenced.

36. On June 6, 2024, the Court granted Plaintiff's motion to dismiss and closed the case.

Dated:     July 22, 2024
           New York, New York

_____
John B. Horgan

*Counsel for Defendants National Christmas Products, LLC d/b/a National Tree Company, National Tree Intermediary, LLC, National Tree Holding, LLC, Joseph A. Puleo, Salvatore Puleo, Jr. and Richard Puleo.*