UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-cv-60897-WPD

NATIONAL CHRISTMAS
PRODUCTS, INC. D/B/A
NATIONAL TREE COMPANY,
a New Jersey Corporation

Plaintiff,

v.

OJ COMMERCE, LLC, a Florida
Limited Liability Company

Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

National Tree Company ("Plaintiff"), by and through undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submits this Response to OJ Commerce, LLC's ("Defendant" or "OJC") First Set of Interrogatories (the "Interrogatories"), dated December 6, 2022, as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each Interrogatory to the extent it seeks privileged attorney-client communications, protected work product, trade secrets or confidential and/or proprietary information.

2. Plaintiff objects to each Interrogatory to the extent it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each Interrogatory to the extent it purports to impose

Ex. C

obligations beyond those required by the Federal Rules of Civil Procedure, and any Court orders entered in this matter.

4.  Plaintiff objects to each Interrogatory to the extent it is overbroad, vague, ambiguous, unduly burdensome, duplicative, not sufficiently limited in scope (including time), undefined and subject to different interpretations in different contexts. Specifically, requests for "all documents" or "all communications" are not reasonably limited, nor tailored to reduce the burden of electronic discovery as required by the Federal Rules of Civil Procedure.

5.  Plaintiff objects to each Interrogatory to the extent it seeks information or documents already produced to Plaintiff or already in possession of Plaintiff

6.  Plaintiff objects to each Interrogatory to the extent that it seeks information beyond Defendant's possession, custody, control or knowledge.

7.  By responding to each Interrogatory, Plaintiff does not waive any privilege, and expressly reserve the right to recall at any time any document produced inadvertently to which any privilege is attached.

8.  Plaintiff incorporates these General Objections by reference as though fully set forth below in its specific answers to each Interrogatory.

9.  Plaintiff reserves the right to supplement its answers to the Interrogatories as additional information or documents become known.

## SPECIFIC RESPONSES AND OBJECTIONS

1.  Identify the full name, title, summary of their role, and contact information for all persons or entities that were involved in the sale of Plaintiff's products to OJC's customers, or communications between Plaintiff and OJC's customers relating to OJC, Plaintiff, or Plaintiff's products.

**RESPONSE:** Plaintiff specifically objects to this Interrogatory as being overly broad and unduly burdensome; in particular, Plaintiff objects to the obviously overbroad demand for the names,

titles, summary of their role and contact information for "all persons or entities" involved in the sale of Plaintiff's products to OJC 's customers, which demand is not limited in scope. Subject to and without waiving any of the specific and general objections, Plaintiff states that the following people were involved in the sale of Plaintiff's products:

| Name | Title | Contact Information |
| --- | --- | --- |
| Hari Krishnamurthy | Chief Financial Officer | hkrishnamurthy@nationaltree.com |
| Steve Downs | Senior Vice President, Product Engineering | sdowns@nationaltree.com |
| Rich Puleo | Vice President | rich@nationaltree.com |
| Lance Puleo | Director of Warehouse Operations | lance@nationaltree.com |
| Fatima Branco | Logistics Rma Coordinator | fatima@nationaltree.com |
| Dennis Cooke | Controller | dcooke@nationaltree.com |
| Donna Cyril | Accounts Payable | donna@nationaltree.com |
| Gabrielle Puleo | Director of Billing and Collections | gabrielle@nationaltree.com |
| Kieran Esposito | Customer Service Manager | kieran@nationaltree.com |

2. Identify and describe in detail the factual and evidentiary basis, including a detailed calculation, of Plaintiff's alleged damages it is seeking from OJC.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome; specifically, this Interrogatory requires generating 12,457 invoices, totaling $781,474.14, that were sent to OJ from December 2020 through October 2021. Subject to and without waiving the foregoing and General objections, the damages Plaintiff is seeking from OJC are due to OJC's failure to remit payment for the aforementioned invoices, despite Plaintiff's demand for payment, as is set forth in the Complaint.

3. Identify and describe in detail the factual and evidentiary basis for contention by Plaintiff that OJC "assented to and/or agreed that the stated amounts [in the alleged account statement] were owed to [Plaintiff]," as alleged in paragraph 34 of the Complaint.

3

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing and General Objections, Plaintiff states that pursuant to Section 2.7.2 of the Agreement, "Any disputed invoice amounts will be documented in writing and forwarded to Vendor within 30 days of invoice receipt." OJC did not dispute the invoice amounts within 30 days as per the Agreement. Moreover, in an e-mail dated June 4, 2021 from Mark Gardner to Steve Downs, OJ admitted that it at least had an open balance of $646,341.14 as of that date.

4. Describe in detail how and when a ship date for Plaintiff's products is generated or determined, how and when that information is communicated to a customer or potential customer of Plaintiff's product, and how Plaintiff ensures that it can meet that ship date.

**RESPONSE:** Subject to and without waiving the General Objections, Plaintiff states that upon receiving an order from a customer (such as OJC), NTC will assign the same date as the ship date up until 2:00 pm, and the products are typically shipped that day or the following day. Plaintiff sends an advance ship notice to its customers with the tracking information as well as the date of shipment. Plaintiff's fill rate for shipment is approximately 90%.

5. Describe in detail how Plaintiff's inventory system for its products works, including (i) how the system determines what is in stock, out of stock, or backordered, (ii) what information about the availability of a product is communicated to a customer or potential customer of Plaintiff's products and when that information is communicated, and (iii) how Plaintiff ensures that the availability information provided to a customer or potential customer is accurate.

**RESPONSE:** Subject to and without waiving the General Objections, Plaintiff states that its computer system tracks the inventory that is on-hand. When Plaintiff receives shipments from overseas, they are processed, and the inventory is added to the on-hand quantities. When orders are shipped and invoiced, the shipped and invoiced quantities are deducted from the on-hand quantities. Inventory feeds are provided to Plaintiff's customers, including OJC, hourly.

6. Identify and describe in detail the factual and evidentiary basis for any contention by Plaintiff that OJC failed to abide by any procedures contained the parties' Agreement, attached as Exhibit 1 to the Complaint.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing and General Objections, Plaintiff states that OJC failed to abide by the parties' Agreement by failing to remit payment for products Plaintiff provided to OJ's consumers from December 2020 through October 2021. Pursuant to Section 2.7 of the Agreement, OJ C agreed to (i) "provide remittance detailing the invoices to be paid for the week or month," (ii) pay NTC for Services rendered in the amounts set forth after the receipt of a correct invoice from NTC, and (iii) pay all undisputed invoice amounts within 30 days of the invoice date. From December 2020 through October 2021, Plaintiff sent OJC approximately 12,457 invoices totaling $781,474.14. OJ failed to make payments for any of the aforementioned invoices.

7. Describe in detail Plaintiff's process for shipping its products that were ordered during 2020-2021, including (i) how and when tracking numbers are generated or created for Plaintiff's shipments of its products, (ii) when those tracking numbers are communicated to customers of Plaintiff's products, and (iii) how Plaintiff ensured that its shipments were delivered to its

customers in a timely manner, consistent with any ship date that Plaintiff communicated to a customer at or around the time Plaintiff's product was ordered by that customer.

**RESPONSE:** To the extent Plaintiff is able to understand this Interrogatory, it appears to overlap considerably with Interrogatory No. 4, and Plaintiff fully incorporates its response to Interrogatory No. 4 as if set forth fully herein.

8. Identify and describe in detail all communications that Plaintiff has had with third parties, including customers of its products, about OJC or the sale of or issues with Plaintiff's products sold to OJC's customers.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is vague and overly burdensome. Specifically, Plaintiff receives thousands of customer communications and is not readily able to determine which communications were with OJC customers. Subject to and without waiving the foregoing and General Objections, Plaintiff will review and produce any such responsive communications within Plaintiff's possession, custody or control upon an agreement as to mutually agreeable search terms within a reasonable time frame.

9. Identify and describe in detail Plaintiff's policy or standard as to how long it should take from the time a customer orders Plaintiff's product to when the customer has that product delivered to them, including any related communications.

**RESPONSE:** Subject to and without waiving the General Objections, Plaintiff states that it only has control over when its products are shipped, not when they are delivered. The turn-around time from when an order comes in to a complete shipment is approximately 24 to 48 hours.

10. Identify and describe in detail any oral communications, including those via phone, Zoom, or other non-written method, between Plaintiff and OJC, including the full names and titles of all those involved, and the substance of any such communications.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is impossibly overbroad; specifically, the language "any oral communications," which demand is not limited in scope.

                                        Respectfully submitted,

                                        Ellenoff Grossman & Schole LLP
                                        1345 Avenue of the Americas, 11th Floor
                                        New York, NY 10105
                                        Tel: 212-370-1300

                                        /s/ *Anthony Galano, III, Esq.*
                                        Anthony Galano, III, Esq. (admitted pro hac vice)
                                        AGalano@egsllp.com
                                        Aldonsa Janjigian, Esq. (admitted pro hac vice)
                                        AJanjigian@egsllp.com

                                        Black Srebnick
                                        One Town Center, Suite 201

Boca Raton, Florida 33486
561-361-6800 Telephone
561-361-0062 Fax

Kyle A. Johnson, Esq.
Florida Bar No.: 113324
KJohnson@RoyBlack.com
Lance W. Shinder, Esq.
Florida Bar No.: 851711
LShinder@RoyBlack.com

*Counsel for Plaintiff, National Christmas Products, Inc. D/B/A National Tree Company*

## **VERIFICATION**

I, Hari Krishnamurthy, declare under penalty of perjury:

I have read and know the content of these responses. These responses, subject to inadvertent and undiscovered errors, are based upon, and necessarily limited by information presently recollected, and thus far discovered in the course of preparing these responses. The responses are true and correct to the best of my knowledge, information and belief.

Executed on February 24, 2023.

*Hari Krishnamurthy*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2023, I served the foregoing via e-mail upon Shlomo Y. Hecht, Esq., sam@hechtlawpa.com , counsel for Defendant, OJ Commerce, LLC.

*/s/ Aldonsa V. Janjigian*