**UNITED STATES COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:22-cv-60897-WPD**

NATIONAL CHRISTMAS
PRODUCTS, INC. D/B/A
NATIONAL TREE COMPANY,
a New Jersey Corporation

Plaintiff,

v.

OJ COMMERCE, LLC, a Florida
Limited Liability Company

Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

National Tree Company ("Plaintiff"), by and through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby submits this Response to OJ Commerce, LLC's ("Defendant" or "OJ") Third Set of Requests for Production of Documents (the "Requests"), dated November 8, 2023, as follows:

**GENERAL OBJECTIONS**

In addition to the objections separately set forth in response to each of the Requests, Plaintiff's responses are provided subject to the following General Objections, to which reference is hereby made with respect to each response, whether or not specifically referred to therein.

1. Plaintiff objects to the Requests to the extent they seek privileged attorney-client communications, protected work product, trade secrets or confidential and/or proprietary

1

Ex. E

information.

2. Plaintiff objects to those portions of the Requests that improperly seek the disclosure of information that is neither material, nor necessary, nor relevant to the claim(s) or defense(s) or is not proportional to the needs of the case.

3. Plaintiff objects to those portions of the Requests that improperly seek the disclosure of the substance of materials prepared in anticipation of litigation without a showing that the Federal Rules of Civil Procedure ("FRCP") so require.

4. Plaintiff objects to the Requests to the extent they seek information that will be inadmissible at trial and are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses in this lawsuit.

5. Plaintiff objects to each Request to the extent it requests that any Plaintiff obtain documents from persons over whom Plaintiff has no control.

6. Plaintiff objects to each Request to the extent it seeks documents which represent matters of public record.

7. Plaintiff objects to each Request to the extent it is duplicative, cumulative, unduly burdensome, calls for the production of numerous responsive documents which have no bearing on Defendant's counterclaims herein, or is designed solely to harass Plaintiff.

8. Plaintiff objects to each Request to the extent it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit a response.

9. Plaintiff objects to each Request and Instruction to the extent it seeks to impose obligations on Plaintiff beyond those prescribed by the FRCP.

10. Plaintiff objects to each Request to the extent that it is not probative of Defendant's counterclaims herein and/or is unduly prejudicial.

11. Plaintiff objects to each Request to the extent that the documents requested therein are

more readily accessible to Defendant and/or are within Defendant's possession, custody and control.

12. Plaintiff does not hereby waive any objection, including as to materiality or admissibility, of any documents that may be produced in response to the Requests, nor does any response set forth below mean that Plaintiff concedes responsive documents exist and/or are within Plaintiff's possession, custody, and/or control. Rather, to the extent Plaintiff states that it will produce any responsive documents, such statement means only that Plaintiff will produce any responsive, relevant, non-privileged documents that could be found within Plaintiff's possession, custody, or control after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS

1. All documents and communications, including books, manuals, policies, and procedures, concerning the software used by Plaintiff to communicate with Defendant concerning invoices, purchase orders, refunds, returns, or any other communications concerning orders.

**RESPONSE:** Plaintiff objects to this Request as wildly overbroad, specifically in that "books, manuals, policies, and procedures, concerning the software used by Plaintiff to communicate with Defendant concerning invoices, purchase orders, refunds, returns, or any other communications concerning orders" with no further limitation, bears no reasonable relation to the issues in dispute in this action. Neither Plaintiff nor Defendant has asserted that the functionality of software used by Plaintiff and Defendant to communicate with each other concerning orders has any bearing on the claims or defenses in this action, and so there is no possible relevance to this Request.

Subject to and without waiving the foregoing, discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

2. Any and all of Plaintiff's financial statements, audited or unaudited, for the fiscal years 2019, 2020, 2021, and 2022.

**RESPONSE:** Plaintiff objects to this Request on the grounds that Plaintiff's financial statements bear no reasonable relation to the issues in dispute in this action. This request is lifted, word for word, from Request No. 7 of Plaintiff's Third Request for Documents directed to Defendant, and is obviously tit-for-tat harassment; while Defendant has asserted claims seeking damages for lost profits, Plaintiff has made no such request and thus *Plaintiff's* financial statements (unlike Defendant's) are wholly irrelevant to the claims and defenses in this action.

3. Any and all tax returns filed by Plaintiff for the fiscal years 2019, 2020, 2021, and 2022.
.

**RESPONSE:** Plaintiff objects to this Request on the grounds that Plaintiff's tax returns bear no reasonable relation to the claims or defenses in this action. This request is lifted, word for word, from Request No. 8 of Plaintiff's Third Request for Documents directed to Defendant, and is obviously tit-for-tat harassment; while Defendant has asserted claims seeking damages for lost profits, Plaintiff has made no such request and thus *Plaintiff's* tax records (unlike Defendant's) are wholly irrelevant to the claims and defenses in this action.

4.      All documents concerning internal or external communications, including with carriers or freight forwarders, concerning Plaintiff's Containers from January 1, 2020 to December 31, 2021, including those concerning contents, deliveries, logistics, delays, and scheduling.

**RESPONSE:** Plaintiff objects to this Request as overbroad, specifically in that "all documents concerning internal or external communications, including with carriers or freight forwarders, concerning Plaintiff's Containers," with no further limitation, bears no reasonable relation to issues in dispute in this action. Subject to and without waiving the foregoing or General Objections, Plaintiff has produced responsive documents in its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

5.      All documents concerning internal or external communications, including with FedEx, UPS, or customers other than Defendant, concerning any delays or other issues with deliveries between October 1, 2020 and February 29, 2021.

**RESPONSE:** Plaintiff objects to this Request as duplicative of Document Request No. 1 contained in Defendant's Rule 30(b)(6) Deposition Notce. Subject to and without waiving the foregoing or General Objections, Plaintiff has produced responsive documents in its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

6.      All communications with and documents sent to or received from Amazon from January 1, 2019 – December 31, 2021, concerning pricing (including MAP pricing), discounts, promotions, inventory, retailers other than Amazon, agreements with Amazon, or otherwise concerning Plaintiff's sales of its products.

**RESPONSE:** Plaintiff objects to this Request on the grounds that "all communications with and documents sent to or received from Amazon concerning pricing (including MAP pricing), discounts, promotions, inventory, retailers other than Amazon, agreements with Amazon, or otherwise concerning Plaintiff's sale of its products" have no relevance to the claims or defenses in this action. Neither Plaintiff nor Defendant has asserted any claim or defense related to or arising from MAP pricing, discounts, or promotions.  Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

7.      All documents concerning Plaintiff's orders from October 1, 2020 – February 28, 2021, including the invoice number, date order received, purchase order number, customer name and information, identification of the products in the order, price, ship date, tracking numbers, delivery date, payment date, payment amount, dispute amount, reason for dispute, order notes, complaints, and returns or other refunds concerning each such order. Defendant would accept a report containing all this information in lieu of all individual documents.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, seeks confidential business information from a competitor in Defendant's industry, and, on its face, is unduly burdensome, specifically the request for "all documents concerning Plaintiff's orders" for the Christmas Season 2020; though "orders" is not a defined term, the subcategories of data make clear that Defendant is demanding Plaintiff's entire data file for a four month period of time, encompassing tens of thousands of orders. To the extent this Request can be limited to orders shipped by Plaintiff *for Defendant's customers*, subject to and without waiving the foregoing specific and General Objections, Plaintiff has produced responsive documents in its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

8. Documents sufficient to identify all owners and ownership structure of Plaintiff.

**RESPONSE:** Plaintiff objects to this Request on the grounds that the "owners and ownership structure of Plaintiff" bears no reasonable relation to the issues in dispute in this action. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

9. All internal communications, including emails, meeting notes, meeting minutes, strategic plans, etc., concerning Defendant.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is wildly overbroad, specifically in that "all internal communications, including emails, meeting notes, meeting minutes, strategic plans, etc., concerning Defendant," with no further limitation, bears no reasonable relation to the issues in dispute in this action. Subject to and without waiving the foregoing or General Objections, Plaintiff has produced responsive documents in its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

10. All documents concerning Plaintiff's communications with Amazon about any resellers of Plaintiff's products, including Defendant.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is wildly overbroad, specifically in that "all documents concerning Plaintiff's communications with Amazon about any resellers of Plaintiff's products, including Defendant," with no further limitation, bears no reasonable relation to the issues in dispute in this action. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

11. All documents, including those concerning external and internal communications, about the impact or effect of customer feedback, complaints, ratings, and reviews on Plaintiff's products or its business.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, specifically "all documents" concerning "external and internal communications, about the impact or effect of customer feedback, complaints, ratings, and reviews on Plaintiff's products or its business," with no further limitation, bears no reasonable relation to the issues in dispute in this action. Subject to and without waiving the foregoing or General Objections, Plaintiff has produced responsive documents within its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

12.     All documents concerning policies, procedures, protocols, studies, or standards concerning customer feedback, complaints, ratings, and reviews on Plaintiff's products, business, or reputation.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is wildly overbroad, specifically "all documents concerning policies, procedures, protocols, studies or standards concerning customer feedback, complaints, ratings, and reviews on Plaintiff's products, business, or reputation," with no further limitation, bears no reasonable relation to the issues in dispute in this action. While Defendant has asserted a counterclaim for lost profits purportedly arising from customer feedback and negative online reviews, for which *Defendant's* policies and procedures concerning the subject matter of this Request would be relevant, *Plaintiff* has never asserted a claim concerning this subject matter, and requesting these documents of Plaintiff bears no relation to the claims at issue here.

Subject to and without waiving the foregoing or General Objections, Plaintiff has produced responsive documents within its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

13.     All documents concerning communications with other companies, including marketplaces, retailers, and other business partners, about customer feedback, complaints, ratings, and reviews on Plaintiff's products or its business.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is wildly overbroad, specifically "all documents concerning communications with other companies, including marketplaces, retailers, and other business partners, about customer feedback, complaints, ratings, and reviews on Plaintiff's products or its business," with no further limitation, bears no reasonable relation to the issues in dispute in this action. While Defendant has asserted a counterclaim for lost profits purportedly arising from customer feedback and negative online reviews, for which *Defendant's* policies and procedures concerning the subject matter of this Request would be relevant, *Plaintiff* has never asserted a claim concerning this subject matter, and requesting these documents of Plaintiff bears no relation to the claims at issue here.  Plaintiff further objects on the grounds that the documents requested herein are already in Defendant's possession, custody or control.

Subject to and without waiving the foregoing or General Objections, Plaintiff has produced responsive documents within its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

14.     All documents concerning studies, articles, publications, or standards concerning customer feedback, complaints, ratings, and reviews and their impact or effect on a company's business or its reputation.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, specifically "all documents" related to "studies, articles, publications, or standards concerning customer feedback, complaints, ratings, and reviews and their impact or effect on a company's business or its reputation," with no further limitation, bears no reasonable relation to the issues in dispute in this action. Subject to and without waiving the foregoing or General Objections, Plaintiff has produced responsive documents within its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

15. All documents, not otherwise produced, that Plaintiff intends to rely on in any way in this case.

**RESPONSE:** Subject to and without waiving the General Objections, Plaintiff has produced responsive documents within its possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement its response to this Request pursuant to FRCP 26(e).

Dated: December 8, 2023

Respectfully submitted,

Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
Tel: 212-370-1300

/s/ *John B. Horgan, Esq.*
John B. Horgan, Esq. (admitted pro hac vice)
JHorgan@egsllp.com
Joanna R. Cohen, Esq. (admitted pro hac vice)
Jcohen@egsllp.com
Aldonsa Janjigian, Esq. (admitted pro hac vice)
AJanjigian@egsllp.com

Black Srebnick
One Town Center, Suite 201
Boca Raton, Florida 33486
561-361-6800 Telephone
561-361-0062 Fax

Kyle A. Johnson, Esq.
Florida Bar No.: 113324
KJohnson@RoyBlack.com
Lance W. Shinder, Esq.
Florida Bar No.: 851711
LShinder@RoyBlack.com

*Counsel for Plaintiff, National Christmas Products, Inc. D/B/A National Tree Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2023, I served the foregoing via e-mail upon Shlomo Y. Hecht, Esq., sam@hechtlawpa.com , counsel for Defendant, OJ Commerce, LLC.

_/s/ Joanna R. Cohen_